## CLARK *v.* CLARK.

(Division A.   Dec. 17, 1923.)

[98 South. 157.   No. 23701.]

1. DIVORCE. *Authority of chancellor to change alimony not increased by provision in decree.*

   Under section 1415, Hemingway's Code (section 1673, Code of 1906), empowering the court to change alimony, where the circumstances of the parties have changed, a provision in the original decree retaining right to further change alimony is no more than the authority granted by the statute, and comes under it.

2. DIVORCE. *Court without authority to change alimony unless circumstances changed.*

   Under section 1415, Hemingway's Code (section 1673, Code of 1906), the court has no authority to change alimony, unless the circumstances of the parties have changed.

APPEAL from chancery court, of Coahoma county.

HON. G. E. WILLIAMS, Chancellor.

Suit by Guy P. Clark against Mrs. Pearl Miles Clark. From a decree for plaintiff, defendant appeals. Reversed, and judgment rendered.

*F. H. Montgomery,* for appellant.

Counsel for the defendant contended on the trial below, that because of the provision, "Until the court shall see fit to enter such other, further, and more general orders, in the matter of alimony as to the court may seem meet and proper, and the question of alimony for further orders of the court is hereby expressly retained," the decree so far as the alimony feature is concerned was temporary or interlocutory, and not final.

We contend that the decree was final, and that the provision quoted reserved no right or power to change the same, which the statute law at the time did not invest the court with, in such cases.

Section 1415, Hemingway's Code (section 1673, Code 1906) provides in respect to an award of alimony to be paid in periodical installments: "And the court may afterwards, on petition change the decree, and make from time to time such new decrees as the case may require."

The provision in the decree referred to, was but a declaration of the statute law on the subject. It reserved no power or authority in the court to modify the decree at any time in the future, which the statute law did not confer upon it. In view of our statute law, any award of alimony which is to be paid in periodical installments, is alway subject to reconsideration by the court, upon petition alleging such a change in circumstances since the decree was entered, as would render it unfair and unjust.

Nevertheless, the decree was final and could only be reopened in the method pointed out by statute. All decrees are final which terminate the litigation between the parties on the merits, and leave nothing to be done but to enforce by execution what has been determined.

Execution could properly have been issued to enforce payment of the installments to be paid in the future, as they severally become due as at law. Likewise, either party to the suit might have prosecuted an appeal therefrom to the supreme court. These tests constitute unerring proof of the finality of the decree as rendered. *Sistare* v. *Sistare,* 54 L. Ed. (U. S.) 905; *Guess* v. *Smith,* 100 Miss. 461.

This cause was not continued on the issue as to the amount of alimony to be allowed, but a definite fixed sum was allowed, payable in monthly installments. The decree was final and could be enforced as written until and unless reopened, and modified on subsequent petition, which could be done only in the manner pointed out by the statute.

The decree was *res adjudicata* as to all facts existing at the time of the rendition thereof. 1 R. C. L., page 940, section 87 and authorities cited. *Cole* v. *Cole,* 142 Ill. 19, 34 A. S. R. 56.

In the written opinion of the court on the decree now appealed from appearing at page 86 of the record, it will be noticed that the chancellor makes a collateral assault upon the verity of his own decree previously entered, by stating that no testimony was taken on the subject, and that the same was entered by consent. Whereas, in the solemn decree of the court we find a recitation of fact that the court heard testimony, was fully advised in the premises, and found that the complainant was entitled to recover alimony. The written opinion of the court plainly contradicts the terms of the decree of the court entered on the 27th day of October, 1921.

The decree of the court was signed by the same chancellor who wrote the opinion referred to. There is no way to reconcile the statements of fact contained in the decree, and those contained in the opinion of the chancellor. We express no opinion as to which contains a correct statement of facts; but do insist as a matter of law, the decree must prevail. It is not permissible for a court to enter a decree and subsequently explain away the legal effect of the same by writing an opinion on an issue raised by subsequent pleadings in the case. A decree cannot be collaterally attacked in this manner even by the chancellor who signed the decree. If the decree did not state the facts, it should have done so, and is conclusively presumed to have done so, as against any collateral attack thereon. The original decree entered in the case undertook to, and did adjudicate issues involving most sacred personal relations and valuable property rights. Any statement of facts subsequently made by the chancellor on issues raised by subsequent pleadings in the case does not impair or modify the legal effect of the decree previously rendered to any extent.

While an award of alimony to be paid in periodical installments may be reopened upon petition setting up facts which would warrant the court in changing or modifying its terms, the rule is that upon the trial of the issue joined upon the petition to reopen the case and to modify the decree in respect to the alimony, the court is limited in its investigations to circumstances arising after the rendition of the decree making the award, and is precluded from an investigation of any facts which existed at the time the original decree was entered.

This is the general rule and has been expressly adopted by this court in the case, *Mrs. Myrtle D. Williams* v. *G. Edw. Williams,* 127 Miss. 627 (635), in which Chief Justice SMITH, speaking for the court said: ''This statute (section 1415, Hemingway's Code—Section 1673, Code 1906), does not authorize the court to set aside a decree rendered at a former term, and render another in lieu thereof; but only to change or modify the terms of the former decree in accordance with the after-arising circumstances of the parties.'' *Guess* v. *Smith,* 100 Miss. 461; *Sistare* v. *Sistare,* 54 L. Ed. (U. S.) 905; *McGregor* v. *McGregor,* 52 Colo. 292, 122 Pac. 390.

In view of the fact that the testimony was never excluded, however, we might safely rest this question upon the assumption that the evidence not having been excluded, had some influence upon the court in rendering his judgment: *Banks* v. *Banks,* 118 Miss. 788.

However, we are relieved of the necessity of resorting to any assumption in this regard, inasmuch as the chancellor reduces his opinion to writing, in which written opinion the court says: ''The complainant has considerable means of her own, and is entirely able to support herself.''

In other words the opinion of the court was, notwithstanding the husband by his own gross misconduct and violation of his marriage obligations compelled his wife to sue him for divorce, and obtained a divorce, if his wife

is able by hook or crook to support herself, the husband is absolved from all responsibility to her. This has never been the law in any jurisdiction.

The testimony as to the wife's financial condition was manifestly improperly permitted to go into the record, and for this error the case should be reversed.

A divorce was granted in this case to the wife on the ground of adultery of her husband. No charge of any kind was preferred by the husband against the wife. After a married life continuing over a period of twenty-four and half years, the complainant was compelled to sue for divorce because of the adultery of the husband. The conduct of the wife was unexceptionable, and the sole cause of the divorce was the wrong of the husband.

A decree for seventy-five dollars per month as alimony to the wife was thought to be just and reasonable at the time the divorce was granted. Indeed, while the decree does not say so, there is some evidence to the effect that this amount was consented to by the defendant to be fair and just. The issue involved at this time grows out of an application by the defendant to modify the decree and to disallow any alimony whatsoever.

The rule is, that where alimony has once been settled an application to change or modify the decree awarding same should be subjected to a thorough investigation. *Bannon* v. *Bannon,* 63 A. D. 171; 1 R. C. L. 948, sec. 94.

*Cook, Roberson, Yerger & Cook,* for appellee.

We are thoroughly familiar with the cases from our own court in which the court has held that the power conferred upon the court by statute is one to change or modify a decree for alimony in accordance with after-arising circumstances of the parties. Such cases are: *Guess* v. *Smith,* 100 Miss. 461; *Williams* v. *Williams,* 127 Miss. 627, and others.

These cases can have no bearing upon this feature of this case, because all of them involve the construction of the statute, section 1415 of Hemingway's Code. We

are now discussing the construction of a decree of the court. It appears from the evidence that the decree above mentioned was entered with the understanding that the same should be temporary only, and that the question of alimony should be finally decided at the April Term, 1922, of the chancery court of Coahoma county, Mississippi.

And we earnestly submit that the decree in question specifically provided for just such a proceeding. It provided that: ''the question of alimony for further orders of this court is hereby expressly retained.'' We know of no inhibition in the law to prevent the court from retaining the question of alimony for a hearing thereon at a future time. We understand that cases cited by counsel are either cases decided upon statutes like our own, or cases in which reservation is made by the court of a power to change a decree upon after-arising circumstances of the parties. This is not such a decree. This proceeding is the first time the matter of alimony has been tried really by the court. We submit that our position in this matter is amply supported by the authorities.

In 19 Corpus Juris, at page 269, we find this statement of the law: ''Except in the case of fraud or mistake, or where the decree is continuing, as where the rights of children are involved, or where the court has reserved jurisdiction in the decree, in the absence of express or implied statutory authority to the contrary, by the weight of authority an allowance of alimony on the granting of a divorce from the bonds of matrimony is absolute and cannot be altered after the expiration of the term, or the time in which a new trial may be heard, or an appeal may be perfected.''

At page 270 we find this statement: ''Where the court has preserved its jurisdiction by a reservation in the final decree, it may modify the amount awarded, notwithstanding the reservation was to the wife alone.''

Under this statement of law we find cited such cases as: *Jones* v. *Jones,* 131 Ala. 443, 31 S. 91; *Rast* v. *Rast,*

113 Ala. 319, 21 S. 34; *Ex parte O'Brien,* 48 Pac. 71; *Daugherty* v. *Daugherty,* 71 Ill. App. 301; *Pearce* v. *Pearce,* 16 S. W. 271; *Moross* v. *Moross,* 87 N. W. 1035; *Sampson* v. *Sampson,* 3 L. R. A. 349; *Ruge* v. *Ruge,* 165 Pac. 1063, 3 L. R. A. 1917 F, 271.

It seems to us that in construing this decree the court will say that the question before it is one simply of construction. As we have said before, we know of no inhibition contained in any statute which precludes the court from granting temporary alimony, and providing that the matter might be presented at a future time for final hearing. The court expressly retained jurisdiction of this matter, and we submit retained that jurisdiction to some purpose. The decree does not provide that the matter of alimony can be reheard only upon after-arising circumstances, but provides that the question of jurisdiction is expressly retained for the general orders of the court. We can see no reason why a court would not have the power to grant a divorce at one time and continue the question of alimony to another term. This is to all intents and purposes what was done in this case. It is true that in those cases where decrees of divorce are entered and alimony payable in future installments is granted, with a provision that the same may be changed upon after-arising circumstances, the courts generally hold that such decree is a final decree. We submit that this is manifestly correct, but we have been favored with citation of no case where it has been denied that the court has the power to grant a divorce and continue the question of alimony, or retain jurisdiction of the question of alimony, granting in the meantime temporary allowance.

Argued orally by *F. H. Montgomery,* for the appellant, and by *Sam C. Cook, Jr.,* for the appellee.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from a decree of the chancery court changing and disallowing alimony to the appellant, Mrs.

Clark, who had previously obtained a divorce from the appellee, Mr. Clark, in which decree an allowance of alimony of $75 per month was granted in favor of the wife; and this allowance was revoked by the chancellor on a pleading styled a "petition of Guy P. Clark, to change alimony," which in effect is a supplemental petition asking that the decree allowing the divorce and alimony be changed, and that the wife be disallowed any amount of alimony, because "the circumstances of the petitioner had been materially changed, and that he is not now financially able to pay the amount of alimony awarded, or any amount whatsoever, and that the complainant was fully able to sustain herself."

The petition further alleged that the court, in the original decree entered in the case, only adjudicated the allowance as temporary alimony; and prayed that the court adjudicate the question of whether or not the complainant was entitled to any permanent alimony whatever, and asking that no alimony be allowed.

The appellant, Mrs. Clark, answered the petition, and denied that the original decree only fixed temporary alimony, and denied the right of the court to enter any further order in reference to the said alimony, and denied the right of the court to release the defendant from payment of the alimony of seventy-five dollars per month as allowed in the original decree granting her a divorce on the grounds of adultery. She also denied that the defendant was financially unable to pay the alimony, and that there had been any material change in his financial condition, or in the circumstances of the parties.

The original decree granting the divorce and allowing the alimony of seventy-five dollars per month contains a special provision. After granting the divorce and the alimony, the decree goes on to say "until the court shall see fit to enter such other, further, and more general orders, in the matter of alimony as to the court may seem meet and proper, and the question of alimony for further orders of the court is hereby expressly retained."

It is contended by the appellee, Mr. Clark, the husband, that the alimony allowed against him in favor of Mrs. Clark was only temporary alimony, and that, under the provision of the decree, the chancellor retained the right to change the amount or disallow it' altogether at any time he might see proper, and that the supplemental petition to change and disallow the alimony justified the chancellor, under the special provision of the original decree, in ordering that no further alimony be allowed the wife.

On the hearing of the petition by the chancellor, the proof showed conclusively there had been no substantial change in the circumstances of the parties since the rendition of the decree allowing the alimony of seventy-five dollars per month to the wife, which decree had been granted at a previous term of the court during the year before. The testimony does disclose some slight changes in the condition and circumstances of the parties, yet there is no such difference as would warrant the court in changing or abolishing the alimony upon' that ground.

So, if the decree of the chancellor disallowing the alimony is to be upheld in this court, it will have to be upon the theory that the chancellor granted only temporary alimony, and had the matter continuously open for revision or change, based upon the facts and circumstances as then existed at the time the original decree for divorce was granted, because, as we have said above, this record shows no change in the circumstances of the parties justifying a change in the alimony under section 1415, Hemingway's Code (section 1673, Code of 1906), which provides that—"The court may, afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require."

Now, then, it will be seen that the determining question on this appeal is whether or not the provision in the original decree of the chancellor making the allowance was for temporary or permanent alimony.

It is our opinion the retention by the chancellor of the question of alimony for further orders of the court,

amounted to no more than the authority already given the court to change the decree from time to time as the case might require; that is, where the circumstances of the parties have changed so as to justify a change in the decree with reference to the alimony, as provided in section 1415, Hemingway's Code (section 1673, Code of 1906).

Therefore, since the chancellor in the supplemental petition was authorized to do no more than he could do under the statute giving him the power to change his decree, and since the conclusive proof in the case is that there has been no substantial change in the circumstances of the parties, the court was not authorized to change or abolish the alimony granted under the original decree, because it was permanent alimony, subject to change at any time only under the statute when the facts as to the circumstances of the parties warranted a change; and the chancellor had no power to act otherwise. The decree allowing the alimony was final, the allowance was permanent, which was based upon the facts shown in evidence at the trial, when the original decree for divorce was granted on the grounds of adultery. The decree was final, and the alimony permanent, because it could have been appealed from or execution could have been issued upon it. These are decisive tests as to finality.

In view of these conclusions, the decree of the lower court is reversed, and judgment entered here for the appellant.

*Reversed and judgment here for appellant.*