## MALONE v. MALONE.

(Division A. Jan. 19, 1931. Suggestion of Error Overruled, Feb. 2, 1931.)

[131 So. 871. No. 28989.]

Fred B. Smith, of Ripley, for appellant.

Chas. Lee Crum, of New Albany, for appellee.

Argued orally by **Fred B. Smith**, for appellant, and **C. Lee Crum**, for appellee.

**Cook, J.**, delivered the opinion of the court.

In July, 1928, the appellant, Bob Malone, and the appellee, Mrs. Laura Malone, were married in Tippah county, Mississippi. At the time of this marriage, the appellant was a widower fifty-four years of age, and had several children. The appellee was near the same age as her husband, and had two children by a former marriage; this being her fourth matrimonial venture. After living together for only a few months, these parties

separated, and the appellee filed a bill in the chancery court, charging that, without any reason or fault on her part, the appellant had refused to permit her to live with him, or in his home, and had refused to contribute anything to her support and maintenance, and praying for alimony pendente lite and for an allowance for the separate support and maintenance of herself and two minor children. The appellant answered the bill of complaint, denied the allegations thereof, and made his answer a cross-bill, praying for divorce on the ground of cruel and inhuman treatment. The appellee answered the cross-bill, and the cause proceeded to trial. During the trial, the appellant dismissed his cross-bill, and the cause proceeded upon the original bill and answer. Extensive proof was offered listing all the items of personal and real property owned by the appellant, the income derived therefrom, and the value thereof. As to the value of the appellant's property, there was a wide divergence in the testimony offered by the respective parties. Uncontroverted proof offered by the appellant showed that he was in very bad physical condition, and was wholly unable to do manual labor, and that for that reason his income and earning capacity were greatly diminished. Upon the proof the court granted the relief prayed for, and decreed that the appellant pay to the appellee, for her separate support and maintenance, the sum of thirty dollars per month, and one hundred twenty-five dollars as attorney's fees for conducting the suit, and the costs of court, for the payment of all of which a lien was fixed upon the appellant's real estate.

Thereafter the appellant paid the attorney's fees and court costs required of him, but, after having paid to the appellee several of the monthly installments allowed by the decree of the court for her support and maintenance, he defaulted in the payment thereof, and, when he had become in arrears for such payments to the extent of about one hundred dollars, the appellee filed a petition,

setting forth in detail the history of the prior proceedings between herself and her husband, and averring, among other things, that the defendant, appellant herein, "is financially able to pay said installments, and was able at the time, but defaulted paying the same, and that his failure to make said payments is due to his sullen, antagonistic, and contemptuous regard for the order and decree of the court decreeing said payments, and that by his failure and refusal to make such payments, the defendant is in contempt of this court."

The petition prayed that citation be issued requiring the defendant to show cause why he should not be adjudged in contempt of court for his failure and refusal to make payments in accordance with the former decree of the court; that the allowance for her support and maintenance be increased so as to properly supply her with the necessities and comforts of life; that the amount thereof be decreed in a lump sum equal to at least one-half of the value of the defendant's property; and that the lien created by the former decree against the real estate of the defendant be enforced by the sale of said property, and that she be allowed a reasonable attorney's fees for the prosecution of the proceedings.

The appellant answered this petition and denied all the charges of contemptuous disregard of the orders of the court, and averred that he had no money to make the payments; that he was in a very bad state of health, and was unable to do any work or engage in any gainful occupation; that in his efforts to comply with the order of the court he had sold some of his property, and had borrowed money by executing a mortgage on other property. He set forth therein a general statement of the necessary living expenses of himself and two minor children, the debts due by him for borrowed money, taxes, and medical and doctors' bills, and alleged generally his inability to pay the amount decreed by the court, and

made his answer a cross-bill praying for a reduction of the amount allowed for the support and maintenance of his wife. The appellee answered the cross-bill, and thereupon the cause was heard upon detailed proof as to the present financial and physical condition of the appellant; and, upon this proof, the chancellor entered a decree adjudging that the appellant was in contempt of court, but imposing no penalty therefor; and converting the allowance of a monthly sum into a lump sum, and decreeing that, within thirty days from the date of the decree, the appellant pay to the appellee the sum of one thousand two hundred fifty-five dollars, and fixing a first lien on all the real estate owned by the appellant for the payment of said sum, and appointing the clerk of the court as commissioner to sell said land upon the failure of the appellant to make the said payment in full. From this decree, the appellant prosecuted this appeal.

The appellant contends, first, that, where no divorce is sought or granted, the chancery court has no authority to change or alter its decree making a separate allowance for the support and maintenance of a wife; and, second, that in a suit for separate support and maintenance the court has no authority to make a lump sum allowance out of the estate of the husband, but it can only make such an allowance as is actually necessary for the present needs of the wife. If it be conceded that the appellant is wrong in both of these contentions, which we do not now decide, still we think the decree of the court below must be reversed, for the reason that the testimony does not show any such substantial change in the condition and circumstances of the parties as would warrant the court in changing or altering the allowance made in the former decree. Whatever authority the court had to change, alter, or modify this former decree must find its foundation in some substantial change in the condition and circumstances of the parties. The de-

cree of the chancellor fixing the amount of the allowance for the support and maintenance of appellee was a final decree based upon evidence then before the court. In the subsequent proceedings, upon the same evidence, or evidence showing that there had been no substantial or material change in the condition and circumstances of the parties, the court substituted for the original decree adjudicating the rights of the parties a wholly different decree, and this it was not authorized to do. In construing the statute (Hemingway's Code 1927, section 1483), which expressly authorizes the court, when a divorce is granted and alimony allowed, to afterwards ''on petition, change the decree, and make from time to time such new decrees as the case may require,'' it has been repeatedly held that the court has no authority to change a final decree allowing permanent alimony except upon proof of some substantial change in the condition and circumstances of the party. Guess v. Smith, 100 Miss. 461, 56 So. 166, Ann. Cas. 1914A, 300; Clark v. Clark, 133 Miss. 744, 98 So. 157; Williams v. Williams, 127 Miss. 627, 90 So. 330; Schneider v. Schneider, 155 Miss. 621, 125 So. 91. This same rule applies with equal or greater force to a final decree making an allowance for support and maintenance, upon which subject there is no express statute authorizing the change or modification of a final decree making such an allowance. The decree of the court below, therefore, will be reversed, and the cause remanded.

Reversed and remanded.