BEARD *v.* STEVENS, et al.

No. 41565          November 7, 1960          123 So. 2d 860

*Frank W. Walden, Berger, Callon & Zuccaro,* Natchez, for appellant.

*Gwin & Kuehnle,* Natchez, for appellees.

HOLMES, J.

This is a child custody suit involving the custody of Ronnie Alan Newman, the minor son of the appellant, who at the time of the hearing below was approximately three years of age. The contest is between the appellant, the mother of said child, and the appellee, Mrs. L. R. Stevens, Jr., the paternal aunt of said child.

The appeal is from a decree of the Chancery Court of Adams County dated January 30, 1959, dismissing the petition of the appellant for the modification of a decree of said court rendered on June 12, 1957, awarding the custody of said Ronnie Alan Newman to the appellee, Mrs. L. R. Stevens, Jr., "pending further orders of the court."

The record discloses substantially the following: By decree of the Chancery Court of Adams County rendered on January 24, 1956, the appellant, then Mrs. Queenie Elizabeth Newman, was granted an absolute divorce from her husband, C. E. Newman, Jr., and was awarded the absolute custody of their three children, namely, George Dudley Newman, Linda Gail Newman and Ronnie Alan Newman, who were then of the ages of approximately 6, 4 and 2 years respectively. On or about the day after said divorce was granted, the appellant telephoned to the said Mrs. L. R. Stevens, Jr., who resided in Glen Allen, Mississippi, requesting her to take the two younger children into her home, namely, Linda Gail and Ronnie Alan Newman, representing that she was financially unable to care for and provide for said children and that because of her distressed financial condition it was necessary for her to work, and she would, therefore, not be in a position to give the required attention to said children. Mrs. Stevens, in response to the appellant's request, took the two younger children and brought them to her home and placed Linda Gail in the home of her grandmother, Mrs. C. E. Newman, Sr., and kept Ronnie Alan in her own home. The custody of Linda Gail is not here involved.

Some three or four weeks thereafter, the appellant telephoned Mrs. Stevens from a night club located near Glen Allen, Mississippi, and advised her that she was coming to take the child, Ronnie Alan, back and she thereafter arrived in Glen Allen in the night time, accompanied by one Frank Harrison, whom she claimed to have recently married. According to Mrs. Stevens, she was at the time in a state of intoxication. The appellant denies that she was intoxicated at that time. The appellant took the child back with her, and approximately one week thereafter she again telephoned Mrs. Stevens asking her to drive to Natchez and get the children and she did so and found them in a small apart-

ment in Natchez. The appellant then again advised Mrs. Stevens that she was not able to support the children, saying that the aforesaid Frank Harrison had left her. It appears that the appellant had formed a common-law marriage with the said Frank Harrison, and had separated from him and had been married to one William Henry Beard, Jr. In order to clear up any question as to the validity of her marriage to the said William Henry Beard, Jr., the appellant obtained a divorce from the said Harrison and was then remarried to Beard. The said Beard had three children by his former wife, and on being divorced from his former wife, he was awarded the full custody of his said three children and thereafter he placed them in the Methodist Orphanage at Jackson, Mississippi, for the reason, as he said, that he was not able to care for them and support them. The said three children, after being in the Orphanage about a year and a half, were taken out of the Orphanage by their mother, the former wife of the said William Henry Beard, Jr. The said Beard had a home in Vicksburg. It was a perfabricated house which he purchased and was not fully completed and was not equipped with modern conveniences.

After the child was taken back and forth from the home of Mrs. Stevens, the appellant finally requested Mrs. Stevens to drive to Vicksburg and bring the child to her. Mrs. Stevens did so, but upon arriving in Vicksburg, she found conditions, as she said, not favorable to returning the custody of Ronnie to Mrs. Beard and she brought Ronnie back with her. Thereafter on May 21, 1957, Mrs. Stevens and C. E. Newman, Jr., the father of Ronnie, filed their petition in the Chancery Court of Adams County against the appellant, seeking a modification of the aforesaid divorce decree dated January 24, 1956, so as to award to petitioner, Mrs. L. R. Stevens, Jr., the full custody of Ronnie Alan Newman. It was alleged in the petition that Mrs. Beard was not a

fit person to have the custody of said child and that it was to the best interest of said child that its custody be awarded to the said Mrs. L. R. Stevens, Jr. It was therefore prayed in the petition that on the final hearing of the cause the court modify the decree of January 24, 1956 so as to award the permanent custody of the child Ronnie Alan Newman to her. The appellant answered the petition and denied the allegations thereof with respect to her fitness to have the custody of the child and made her petition a cross-petition praying that the custody of said child be awarded to her. On May 30, 1957, an agreed decree was entered in the cause wherein it was provided that pending a full hearing of the cause the child, Ronnie Alan Newman, should remain under the care and control of Mr. and Mrs. L. R. Stevens, Jr., at Glen Allan, Mississippi, with the right of appellant to visit him at any reasonable time. Under the provisions of the decree, it was further ordered that the cause be continued to June 12, 1957, at which time a full hearing would be had on the question of the custody of the child, Ronnie Alan. In due course the cause came on for trial on its merits on June 12, 1957, and after hearing the evidence, the chancellor stated in the record his findings and conclusions, in which he discussed the respective merits of the contestants bearing upon their right to have the custody of the child. Concluding, the chancellor said: "I temporarily leave the child in the custody of Mrs. Stevens, and I say I don't want you to petition this court for another year for this child again. I can't stop you, but I tell you it would probably be of no avail to you. However, if after a year you have continued to rehabilitate yourself as you are doing today, this court will hear you with a sympathetic ear, and so the decree will recite accordingly."

The chancellor thereupon entered a decree signed on June 12, 1957, containing the following provisions: "It is therefore ordered, adjudged and decreed that said

decree dated January 24, 1956 be and the same is hereby modified to award to Mrs. L. R. Stevens, Jr., custody of the minor child, Ronnie Alan Newman, *pending further orders of this court,* with the privilege in Mrs. Queenie Elizabeth Beard of visiting said child at any reasonable time.'' (Emphasis ours)

After the expiration of a little more than a year, to-wit: July 10, 1958, the appellant filed her petition in the Chancery Court of Adams County against Mrs. L. R. Stevens, Jr. and C. E. Newman, Jr., seeking a modification of the aforesaid decree dated June 12, 1957, as to the custody of Ronnie Alan Newman. It was set forth in her petition that she was happily married to William Henry Beard, Jr., and she and her said children were living at Vicksburg, Mississippi, in a good community and had a home in which they could provide not only for Ronnie but for the three children of Mr. Beard by his former marriage who had been taken out of the Methodist Orphanage by their mother. She alleged that she was a fit and proper person to have the custody of said child, and that it would be to the best interest of said child that his custody be awarded to his natural mother, namely, the appellant. It was nowhere alleged in said petition that between the date of June 12, 1957 and the filing of said petition on July 10, 1958, there had been any change in the circumstances and conditions of the parties. It was testified by both Mr. and Mrs. Beard that Mr. Beard wanted the child in his home and would treat the child as his own and accord him all care and affection and support. The chancellor heard the evidence and rendered the following opinion:

''Gentlemen, I have had the court reporter read me the testimony hurriedly, but nevertheless to read it to me, and it is my opinion that the evidence I have before me now after complainant has rested, and the circumstances being as they are, it is insufficient for me to modify this decree at this time, so I sustain the motion.''

The motion referred to was a motion by Mrs. Stevens to dismiss Mrs. Beard's petition. Accordingly, a decree was entered reading in part as follows: "All parties being present and represented by counsel, and the court having heard and considered the evidence adduced by the petitioner, and being of the opinion that the same is insufficient to warrant a modification of said decree of June 12, 1957, it is therefore ordered, adjudged and decreed that the petition of the said Mrs. Queenie Elizabeth Beard for modification of said decree of June 12, 1957, be and the same herein is dismissed." This decree was dated January 30, 1959, and is the decree from which this appeal is prosecuted.

Section 2743, Volume 2A Recompiled, Mississippi Code of 1942, provides in part as follows: "When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seen equitable and just, make all orders touching the care, custody and maintenance of the children of the marriage, and also touching the maintenance and alimony of the wife, or any allowance to be made to her, . . . . and the court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require."

The provisions of the statute authorizing the court from time to time to make new decrees are applicable both to a custody decree as well as an alimony decree. In interpreting this statute the Court has uniformly held that unless and until there is a material change in the circumstances the original decree in a divorce suit which awarded the custody of the child of the parties to the mother is res judicata. Cassell v. Cassell, 211 Miss. 841, 52 So. 2d 918.

In the case of Malone v. Malone, 159 Miss. 138, 131 So. 870, we held that a decree for separate support and maintenance obtained by the wife is not subject to

modification except on evidence showing a substantial change in the circumstances of the parties. Of course, the same rule applies to provisions in a decree for the custody of a child.

In the case of Earwood v. Cowart, 232 Miss. 760, 100 So. 2d 601, we held as follows: "A former adjudication is res judicata in a subsequent proceeding to modify a former decree of care and custody of a minor child where there has been no substantial change in the facts."

Appellant argues that in order to obtain a modification of the decree here involved it is not necessary that there be shown in the evidence a change in conditions or circumstances of the parties. She bases this argument upon the statement of the chancellor in the record that he was temporarily leaving the child in the custody of Mrs. Stevens, and further upon the language of the decree reciting that the custody of the minor, Ronnie Alan, was awarded to Mrs. Stevens "pending further orders of this court." However, we held in the case of Clark v. Clark, 133 Miss. 744, 98 So. 157, that a provision in the original decree retaining the right to further change alimony is no more than the authority granted by the statute and comes under it, and that the court has no authority to change alimony unless the circumstances of the parties have been changed. Of course, the statute hereinabove quoted gives the court authority to change a decree for alimony or child custody from time to time, and a provision in the decree awarding the custody of a child pending the further orders of the court amounts to no more than the authority already given the court by the statute to change the decree from time to time where the circumstances of the parties have so changed as to justify a modification.

The chancellor made his findings in this case and found that the evidence was insufficient to show such a change of circumstances as to justify the modification of the decree. We are unable to say that the chancellor

was manifestly wrong. We held in the case of Earwood v. Cowart, supra, that "the guiding star in child custody cases is the best interest of the child", and also that "the chancellor has a broad discretion in child custody cases."

It is manifest to us from the record that the chancellor was endeavoring to decide this case having in mind the best interest of the child. No one attacks the character or the standing financially or otherwise of Mrs. Stevens in the community in which she lives. In fact, she and her husband are shown without dispute to be worthy people who are giving this child all of the care and nurture that they would accord to one of their own children. The evidence amply supports the finding of the chancellor that there was no change in the conditions and circumstances of the parties since the rendition of said decree dated June 12, 1957. We are accordingly of the opinion that we would not be warranted in holding that the chancellor was so manifestly wrong that we should disturb his decision. The judgment of the court below is therefore affirmed.

Affirmed.

*Hall, P. J.,* and *Lee, Kyle* and *McElroy, JJ.,* concur.