BAILEY *v.* BAILEY

No. 42569          February 4, 1963          149 So. 2d 478

*Jacobs, Griffith & Hatcher,* Cleveland; *Howie, Howie & Montgomery,* Jackson, for appellant.

*Alexander, Feduccia & Alexander, Frank O. Wynne, Jr.,* Cleveland, for appellee.

McGᴇʜᴇᴇ, C. J.

On February 9, 1960, the appellee obtained a divorce from the appellant on the ground of habitual cruel and inhuman treatment. She was adjudged to be a suitable person to have the custody and control of their two minor children, one eight years of age and the other two, and she was given complete and absolute custody of said children, with the right of the appellant to visit them at reasonable times. Appellant was charged with the support and maintenance of said children and to pay to the appellee for their support and maintenance the sum of $300 per month. In response to a question from a member of this Court the appellant's attorney conceded at the bar that the said decree was rendered by consent. However, the decree on its face does not affirmatively so show, and no alimony or attorney's fees were allowed to the appellee.

Nearly two years thereafter the appellant filed a petition to modify the decree of February 9, 1960, so as to reduce his monthly payments for the support and maintenance of the said children from the sum of $300 per month to the sum of $225 per month, and he asked in his petition for modification that $150 of the $300 that he was paying should be deposited in the registry of the court each month so that a fund could be ac-

cumulated at the rate of $75 per month for the education of the children in future years. A copy of the original decree of February 9, 1960, is attached as an exhibit to the petition for modification.

In Amis on Divorce and Separation in Mississippi, Section 296 at page 416, it is said: ''In every such case the decree is conclusive of the facts then existing of the right to custody and the duty and ability of the father to support his child and may not be modified so long as the situation remains substantially unchanged.''

In the case of Cassell v. Cassell, 211 Miss. 841, 52 So. 2d 918, the chancellor had modified a decree of his court but this Court reversed the decree of modification and dismissed the petition, stating: ''A decree fixing the custody of a child is, however, final on the conditions then existing and should not be changed afterward unless on altered conditions since the decree * * * , and then only for the welfare of the child.'' Citing 17 Am. Jur., Divorce and Separation, Sec. 684, P. 519.

The above mentioned decree related to the change of custody of a child or children, but in the case of Pass v. Pass, 238 Miss. 449, 118 So. 2d 769, which involved a change in the payments for support and maintenance, the Court held that there was insufficient evidence to reveal a material and substantial change in circumstances, and stated in its opinion these words: ''Of course, the original decree is not subject to modification unless the proof shows a substantial and material change in the circumstances of the parties.''

Again, in the case of Malone v. Malone, 159 Miss. 138, 131 So. 871, the Court, among other things, stated: '' * * * it has been repeatedly held that the court has no authority to change a final decree allowing permanent alimony except upon proof of some substantial change in the condition and circumstances of the party.''

In the instant case, the appellant filed no answer to the bill of complaint for divorce, did not enter an ap-

pearance, and was not represented by counsel.

As heretofore shown, the foregoing quotations have been held to be the law in Amis on Divorce and Separation in Mississippi and in the cases of Cassell v. Cassell, Pass v. Pass, and Malone v. Malone, supra. They relate specifically to the question as to what proof is required in order to entitle a party to a modification of a decree for support and maintenance. However, Section 2743, Code of 1942, provides, among other things, " * * * and the court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require". Then, too, this statute further provides: "However, where proof shows that both parents have separate incomes or estates, the court may require that each parent contribute to the support and maintenance of the children of the marriage in proportion to the relative financial ability of each."

In the case now before us the petition for the modification of the decree of February 9, 1960, alleges that the appellee is a school teacher, and employed as such in the schools of the Town of Shelby, in Bolivar County, Mississippi. But there is no allegation either in the original bill of complaint, the original decree of divorce, or in the petition for the modification of said decree as to what income the appellee may be making.

Since the above mentioned statute confers upon the chancery court the authority, in its discretion, to modify decrees for support and maintenance, "on petition, * * * and make from time to time such new decrees as the case may require", and there is no specific requirement as to what facts the petition shall contain, (Hn 1) we have concluded that the petition contains enough of substance to have entitled the appellant to a hearing thereon, and that therefore the court was in error in sustaining the motion of the appellee to strike the petition for modification. Motions to strike a pleading are not, or at least should not be, favored. If a petition

is deemed by the opposing party to be insufficient, if he would file a demurrer the pleader would have the right and opportunity, upon the demurrer being sustained, to amend his petition so as to comply with the necessary requirements.

The sustaining of the motion of the appellee to strike the petition for the modification of the former decree in the instant case, precluded the appellant from making any proof as to the somewhat serious charges he had made in the petition, as for instance the charge that the appellee was using a substantial portion of the $300 paid by the appellant for the support and maintenance of the children in paying her own personal obligations therefrom. Since the children are wards of the court we are of the opinion that the chancellor should have inquired into the merits, or lack of merit, of this complaint.

It is alleged that at the time of the rendition of the original decree the appellant was living in the home of his parents, and that he has now set up a home of his own and that his living expenses are greater than they were on February 9, 1960; and it is stated in the briefs, but not in the petition for modification, that the appellant has now remarried and is living in Jackson. **(Hn 2)** But this Court has held in the recent cases of Davis v. Davis, 217 Miss. 313, 64 So. 2d 145, and De Marco v. De Marco, 199 Miss. 165, 24 So. 2d 358, that it is well settled that the assumption of a second marriage will not relieve a husband and father from the payment of alimony and support to the first wife and child. Any allegation as to the fact of the second marriage was omitted from the petition for modification and the chancellor was not therefore enabled to determine what had brought about the increase in the appellant's living expenses insofar as the allegations of the petition for modification are concerned.

We have concluded to reverse and remand the case for a hearing on the appellant's petition, and with the right of the appellant to make any proper amendment thereto that he may desire.

Reversed and remanded.

*Kyle, Gillespie, McElroy and Jones, JJ.,* concur.