253 So.2d 834 (1971)
Mrs. Ruby Nell REYNOLDS, Respondent/Appellant,
v.
John H. RIDDELL, Petitioner/Appellee.
No. 46356.
Supreme Court of Mississippi.
November 1, 1971.
William D. Swain, Jr., Greenville, for appellant.
McGee & Bogen, Leland, for appellee.
*835 PATTERSON, Justice:
Mrs. Ruby Nell Reynolds prosecutes this appeal from a decree of the Chancery Court of Washington County. This decree modified a decree of the Chancery Court of Sunflower County in which appellant was granted a divorce from John H. Riddell, appellee, and awarded the custody of their two minor children.
The issue presented is whether the Chancery Court of Washington County had jurisdiction to modify the decree of divorce and custody of minor children entered by the Chancery Court of Sunflower County.
In Ladner v. Ladner, 206 So.2d 620, 625 (Miss. 1968), a suit with regard to the continuing jurisdiction of a chancery court which had awarded custody of children in a divorce proceeding, we held:
We are of the opinion that the Chancery Court of Hinds County, Mississippi had the exclusive jurisdiction of the custody of the children here involved, as between Mr. and Mrs. Ladner. This does not mean, however, that the child could not be tried in the juvenile court or even in a criminal court if the facts warranted it. It does mean, however, that as between Mr. and Mrs. Ladner, Mr. Ladner could not use the juvenile court to attempt to change or modify an order of the chancery court.
More recently, in Mixon v. Bullard, 217 So.2d 28 (Miss. 1968), we pointed out that in a habeas corpus proceeding where the parties were not the same as those involved in the decree awarding custody in a chancery court of this state, the court may inquire whether there has been a material change of circumstances that would make it to the best interest of the children to refuse to grant the writ. We adhered, however, to the rule announced in Hinman v. Craft, 204 Miss. 568, 575, 37 So.2d 770 (1948), a suit between the same parties, as follows:
Regardless of the right of the mother to invoke the former decree as a basis *836 for her application for writ of habeas corpus, the latter remedy was not available to appellee as a device to amend the existing decree. * * *
Compare, however, Bradley v. Graham, 250 Miss. 244, 164 So.2d 772 (1964), and Neal v. Neal, 238 Miss. 572, 119 So.2d 273 (1960).
In Honeywell v. Aaron, 228 Miss. 284, 294, 87 So.2d 562, 565 (1956), we quoted with approval and adopted that which was stated in Amis, Divorce and Separation in Mississippi, section 227, pp. 308, 310 (1935), as follows:
* * * But in all cases where the facts and circumstances have materially altered the chancery court granting the divorce or separate maintenance, may on proper proceedings alter the decree or change the custody * * *. (Emphasis added.)
Moreover, in Beard v. Stevens, 239 Miss. 568, 575, 123 So.2d 860, 864 (1960), we restated that which had been stated before with regard to the authority of a chancery court, by the provisions of Mississippi Code 1942 Annotated section 2743 (1956), to change from time to time a decree of alimony or child custody, stating:
* * * Of course, the statute hereinabove quoted gives the court authority to change a decree for alimony or child custody from time to time, and a provision in the decree awarding the custody of a child pending the further orders of the court amounts to no more than the authority already given the court by the statute to change the degree (sic) from time to time where the circumstances of the parties have so changed as to justify a modification.
It would seem, therefore, that the rule is well established that a chancery court which grants the custody of children in a divorce proceeding has, as between the same parties, continuing exclusive jurisdiction to modify the decree upon subsequent changed circumstances.
The appellee contends, however, that Mississippi Code 1942 Annotated section 1263.5 (Supp. 1971), Laws of 1960, is additional and amendatory to Mississippi Code 1942 Annotated section 2743 (1956), and the cases decided thereunder. He argues that the county in which the minors reside invokes the jurisdiction of the chancery court thereof regardless of the prior continuing jurisdiction acquired by the court in which the divorce and custody were awarded. Ladner, supra, was decided under the provisions of Section 2743 and Honeywell, supra, was decided prior to the enactment of Section 1263.5. Hence neither disposes of the applicability of Section 1263.5 to the present situation. It is in part as follows:
In addition to the right to proceed under section 2743, Mississippi Code of 1942, as amended, and in addition to the remedy of habeas corpus in proper cases, and other existing remedies, the chancery court of the proper county shall have jurisdiction to entertain suits for the custody, care, support and maintenance of minor children and to hear and determine all such matters. Proceedings may be brought by or against a resident or nonresident of the State of Mississippi, whether or not having the actual custody of minor children, for the purpose of judicially determining the legal custody of a child. All actions herein authorized may be brought in the county where the child is actually residing, or in the county of the residence of the party who has actual custody, or of the residence of the defendant. * * * (Emphasis added.)
After due consideration of this statute, we are of the opinion that it was the legislative intent to provide a means of judicially determining the legal custody of a child in those instances where its custody was in question and no previous adjudication had been made thereasto, or either there existed conflicting custodial adjudications. We are of the opinion that the legislature did not intend to divest a court *837 of jurisdiction obtained by the provisions of Section 2743 and which continues in that court for the purpose of modification upon changed circumstances between the same parties. We hold, therefore, that the Chancery Court of Washington County did not have jurisdiction to modify the decree of custody entered by the Chancery Court of Sunflower County since the latter court had continuing jurisdiction over these minor children.
We are aware that blind allegiance to previous decisions in some instances leads to absurd results. This opinion could very logically be criticized as imposing an impractical result since the parties, including the children, presently reside in Washington County which is in the same chancery district as Sunflower County and will, in all probability, upon retrial result in a similar decree though burdened with additional cost and time resulting from rehearing.
To alleviate the unfortunate condition made apparent by this case, the court vested with the exclusive and continuing jurisdiction of the custody of the children may entertain a motion to transfer the cause to the county which is the residence of the parents and the children, and upon hearing this motion, if it appears to the court in the exercise of its sound discretion that time and expense would be saved and the best interest of the children served or promoted, then the motion might be properly sustained. In so holding we are not unmindful of Ross v. Ross, 208 So.2d 194 (Miss. 1968), and Cruse v. Cruse, 202 Miss. 497, 32 So.2d 355 (1947), which prohibit the transfer of a suit for divorce, but distinguish the same upon the occurrence of events subsequent to divorce, in this instance the removal of the parties to another county.
The case will be reversed and remanded to the Chancery Court of Sunflower County for disposition by a hearing on its merits or by entertainment of a motion for transfer to Washington County.
Reversed and remanded.
RODGERS, P.J., and SMITH, ROBERTSON and SUGG, JJ., concur.