INZER, Justice:
This is an appeal by Joseph W. Daniels from a decree of the Chancery Court of Washington County awarding the care, custody and control of his two minor children to appellee, Mrs. Ora Lewellen.
Appellee brought suit in the Chancery Court of Washington County under the provisions of Section 1263.5, Mississippi Code 1942 Annotated (Supp.1971), against appellant, Joseph W. Daniels, and Mary Sandra Daniels Hicks praying for the custody of and support for her two grandchildren, John Paul Daniels, age seven years, and Grover Terrell Daniels, age six years. The bill alleged defendants were the natural parents of the children, and their custody had been awarded to the father by an agreed modified decree of the Chancery Court of Washington County dated January 24, 1969, with the provision that the father was to live in the home of Mrs. Lewellen so that she could provide the nurture and care which the children required. The bill also alleged the children had resided in the home of the complainant since January 1969 until the time the suit was filed in April 1970, except for a period from June 1969 to January 1970. It was charged that the father had not provided any regular support to the children and that the complainant was apprehensive for the children and for their well being while the permanent custody was vested in the father. It was alleged that the complainant was a fit and proper person to have the custody of the children and that to award her the custody would be in the best interest of the children. The petition alleged that the father was an able bodied man and should be compelled to pay child support, solicitor’s fee, and costs of the court.
Mrs. Hicks, the mother of the children and the daughter of the complainant, filed no answer but did testify that the children were happy in the home of her mother. Mr. Daniels answered the bill and denied that Mrs. Lewellen was entitled to the custody of the children. He alleged he had remarried, and he and his present wife were residing in West Helena, Arkansas, and at the time the answer was filed, the children were residing with him and his present wife, and they were able to provide a stable and happy home for the children.
After the hearing the chancellor was of the opinion that the decree of January 1969 whereby Mr. Daniels was awarded the custody of the children contemplated that they would be in the care of the maternal grandmother, and their best interests would be served by their remaining in the care and custody of the grandmother. The court was of the opinion the complainant should have the care, custody, control and maintenance of the children with the right of the parents to have reasonable rights of visitation with the children. The father was required to pay $200 per month to Mrs. Lewellen for the support and care of the children and pay to her $350 for her solicitor’s fee for representing her in this proceeding. The decree ordered Mr. Daniels to deliver the children back into the custody of the complainant and ordered him remanded to the custody of the sheriff of Washington County to be incarcerated if he failed to comply with the terms of the decree.
*909 The decree as entered by the chancellor did not outright award Mrs. Lewellen the legal custody of the children, but left the provisions of the decree of January 1969 in effect, and modified it to require Mr. Daniels to leave the children in the home of Mrs. Lewellen and to furnish support for them.
From this decree Mr. Daniels appealed with supersedeas granted by the chancellor, and Mrs. Lewellen has cross appealed. On direct appeal it is contended the court was manifestly in error in failing to award appellant the care, custody and control of the children. On cross appeal it is urged the chancellor was in error in failing to award complainant and cross-appellant the legal custody of the children.
At the outset it should be pointed out that Section 1263.5, supra,, provides an additional means to bring suit for the custody, care, support and maintenance of minor children but it does not change the substantive law governing the rules to be followed regarding custody of children. Reynolds v. Riddell, Miss., 253 So.2d 834 (decided November 1, 1971.)
The controversy here is between the maternal grandmother and the natural father of the two children, who had been awarded their custody by a decree of the court. It will be noted the bill of complaint does not charge the father had abandoned the children or that he is morally unfit to have their custody. The only basis on which appellee claims she is entitled to the custody is that she was apprehensive for the well being of the children while the legal custody of the children was vested in the father and it would be to their best interests that she have their custody.
When a parent is a proper person to have the custody of a minor child and can provide a reasonably good home, custody will not be awarded to a third person against a parent’s demand for custody. It is presumed to be for the best interest of a child that it live with its natural parents, unless it is shown the parent is unfit or has abandoned the child. In this case the burden of proof was upon Mrs. Lew-ellen to show Mr. Daniels was unfit or had forfeited his right to have the custody of his children. This she did not do. The only thing shown was that he did not visit the children as much as he could have done, and for two months he did not provide them with any support, although he was making ample funds to do so. While this action on the part of the father is not to be commended, under the circumstances of this case, it was not of such a serious nature as to deprive him of the custody of his children. Especially is this true since he is now remarried and has a wife to care for the children while he is away at work.
There was no basis under the pleadings of this case for the chancellor to modify the decree awarding Mr. Daniels the custody of his children. Mrs. Lewellen was not a party to that proceeding and does not contend that by the terms of that decree Mr. Daniels was required to keep the children in her home. In other words, it was her contention in the trial court, and it is her contention here that she was entitled to have a decree awarding her the legal custody of the children and requiring the father to support them while they were in her custody. The chancellor has broad powers relative to the custody of children and may modify decrees touching the custody of children when there has been a material change of circumstances justifying such action. However, the chancellor does not have the power to modify a decree on his own motion, and it was error for the chancellor to modify the decree in this case.
The chancellor in his opinion also indicated he thought appellant should not be allowed to carry his children outside the jurisdiction of the court, and that was sufficient cause to deny him the custody of his children. In Drew v. Drew, 249 Miss. 26, 162 So.2d 652 (1964), we affirmed a de *910 cree denying the father of two minor children their custody in the absence of any showing the father was unfit to have the custody or he had abandoned them. One of the facts relied upon was the father would carry the children to the State of Michigan where they would reside in the home of his sister and brother-in-law, and the court would thereby lose jurisdiction over the children. However, that was a case between the father, a nonresident, and the mother of the children over their custody. The mother had the children in this state and wanted to keep them, but the court found her to be unfit. The court found it was to the best interest that neither parent have the children and placed them in the custody of Palmer Orphanage with the parents required to support them. The basis on which this Court affirmed the chancellor was the father wholly failed to corroborate his testimony that his sister and brother-in-law would welcome the appellant and the two children into their home. This Court was careful to restrict itself to the facts in the case before it.
In Mitchell v. Powell, 253 Miss. 867, 179 So.2d 811 (1965), we said in reference to Drew, supra:
The Drew case does not change the rule with reference to the right of the parent to the custody of his or her child. The additional guides set out in Drew come into play when the parent is not entitled to the custody of his or her child.
(253 Miss. at 885, 179 So.2d at 819)
We also said:
In the case of Cassell v. Cassell, 211 Miss. 841, 52 So.2d 918 (1951), we pointed out that the rule which requires the affirmance of a decree of the chancery court when the evidence is conflicting and where such decree is sustained by substantial evidence does not apply. “On this appeal, in review, we sit as chancellors.” We are required to pass upon the evidence on this question. Therefore we have reached the conclusion that the decree of the chancery court in the instant case must be reversed, and the custody of Phyllis Gail Mitchell awarded to her father, J. W. Mitchell, Jr.
(253 Miss. at 886, 887, 179 So.2d at 820).
In Newman v. Sample, 205 So.2d 650 (Miss.1968), we reversed the finding of the chancellor that the mother had abandoned her two children and awarded the custody of the children to the mother and allowed her to carry them to her home in Chicago, Illinois. The appellee relied on Drew, supra, but we again pointed out the father failed to produce corroborating testimony that his sister and her husband were willing to receive the children into their home. We also pointed out the decree in Drew was not a final and complete bar to the father’s right to regain the custody of his children when he could show he had a proper place to carry the children. In other words, what we actually did in Drew was to approve a temporary arrangement made by the chancellor to see that the children were properly cared for, pending the showing by one of the parents that they were fit and proper and had a proper place to carry the children.
In the case before us the children actually were in Arkansas at the time the hearing was had. It was true the father carried them there after proceedings were begun, but there was nothing in the decree awarding him their custody that required him to keep the children within the jurisdiction of the court. Appellee does not contend the decree awarding the father the custody required him to keep the children in her home. In fact, appellant kept them in the home of his sister from June 1969 to January 1970 without objection on the part of the appellee.
We have no doubt that Mrs. Lewellen loves her grandchildren and wants their custody. However, she has to work, and, of course, the children will have to be kept by someone else while she works. The present wife of Mr. Daniels testified she was ready and willing to keep the children *911 while her husband was away at his work. She has two children by a former marriage which are in her custody and in their home. The only thing that could be said derogatorily relative to her is that she allowed the grandparents of an older child to adopt that child. However, nothing is shown relative to the reason and circumstances surrounding this situation.
We hold that in absence of a showing that Mr. Daniels had abandoned his children, was morally unfit or other circumstances of such serious nature that would make it for the best interest of the children that their custody be awarded to someone else, he is entitled to the custody of his children.
For the reasons stated the decree of the chancery court is reversed and a judgment entered here for appellant.
Reversed and rendered.
RODGERS, P. J., and JONES, PATTERSON and ROBERTSON, JJ., concur.