# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-01878-SCT

*JOEL PRICE TOLLISON*

*v.*

*SHANNON MICHELLE LEWIS TOLLISON*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/31/2001 |
| TRIAL JUDGE: | HON. GLENN ALDERSON |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | JAK McGEE SMITH |
| ATTORNEY FOR APPELLEE: | CHRISTI R. McCOY |
| NATURE OF THE CASE: | CIVIL - CUSTODY |
| DISPOSITION: | REVERSED AND REMANDED - 03/06/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, P.J., WALLER AND COBB, JJ.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Joel Price Tollison appeals to this Court from an adverse ruling in the Lafayette County Chancery Court raising the sole issue of  whether a chancery court which had jurisdiction over a divorce and custody proceeding and entered its final decree, retains jurisdiction over a subsequent proceeding for contempt and termination of parental rights. We hold that it does and therefore reverse the chancellor and remand for a transfer to the Chancery Court of Prentiss County for further proceedings consistent with this opinion.

## FACTS

¶2. Joel and Shannon Tollison were married in 1994. In July 1997, they separated while living in Prentiss County. They had one child, Brooke Michelle Tollison. In July 1997, Brooke and Shannon moved to Lafayette County after the parties separated. Joel continued to live in Prentiss County. The parties were divorced by order of the Prentiss County Chancery Court on June 16, 1998. Shannon was given custody of Brooke. Joel was granted visitation rights.

¶3. On April 25, 2001, Shannon filed a Complaint for Citation of Contempt and Termination of Parental Rights in the Chancery Court of Lafayette County. Joel was served with process in Prentiss County. On October 22, 2001, Joel filed a Motion to Dismiss stating that the Lafayette County Chancery Court did not have jurisdiction. Joel contends that since the Prentiss County Chancery Court granted the divorce, that court has continuing jurisdiction over the parties and the minor child.

¶4. On October 30, 2001, the Lafayette County Chancery Court heard oral argument from Joel's counsel on the motion to dismiss. Joel's motion to dismiss was denied. He reserved his right to appeal the question of jurisdiction. The case was tried and final judgment entered. Joel now appeals.

¶5. Shannon contends that jurisdiction is proper in the Lafayette County Chancery Court since she and Brooke have been residents of that county for three years. She intends to remain in Lafayette County. She argues that Brooke has no connection with Prentiss County other than having lived there as a small child. She relies on Miss. Code Ann. § 93-15-105 (Supp. 2002). She argues that Miss. Code Ann. § 93-15-105 allows three choices as to

2

where a termination of parental rights may be heard. Shannon contends that the statute allows a complaint for termination of parental rights to be filed in the county where the child resides, which in this case is Lafayette County.

¶6. Joel argues that Lafayette County would be the correct place to file such an action for termination of parental rights only if there had never been a proceeding in Prentiss County. He states that since the Prentiss County Chancery Court had original jurisdiction in the divorce and decided custody and visitation, that Prentiss County has jurisdiction. He recites the words of the chancellor who stated, while overruling his objection that, "this may be a proper case for the Mississippi Supreme Court to adjudicate whether or not once a ruling has been made on the custody of the child as to whether or not the child is locked into that county or the venue for any proceedings, including termination of parental rights."

## DISCUSSION

¶7. In filing her complaint, Shannon relied on Miss Code Ann. § 93-15-105 (1) which states that "any person may file for termination of parental rights in the chancery court...of the county in which the defendant or the child resides." Since the child had been residing in Lafayette County for several years, Shannon reasoned that Lafayette County would have jurisdiction over these matters. This would be correct if there had not been a previous custody proceeding in Prentiss County with that court having entered its final decree. The Chancery Court of Prentiss County had original jurisdiction in the divorce and decided issues pertaining to custody and visitation in 1998. It thus appears that the Prentiss County Chancery Court has continuing jurisdiction over the matters of contempt and termination of parental rights regarding the child, Brooke Michelle Tollison.

3

¶8.    An action for contempt must be brought in the same court which rendered the original decree and is to be litigated as a matter ancillary to the original action. That court has continuing jurisdiction over the subject matter and the venue even though the petitioner has moved to a different county within the same state.  See *Dennis v. Dennis*, 824 So. 2d 604, 610 (Miss. 2002); *Powell v. Powell*, 644 So. 2d 269, 280 (Miss. 1994) (Smith, J., dissenting); *Miller v. Miller*, 512 So. 2d 1286, 1288 (Miss. 1987); *Covington v. Covington*, 459 So. 2d 780, 782 (Miss. 1984); *Campbell v. Campbell*, 357 So. 2d 129, 132 (Miss. 1978).  The principle of continuing jurisdiction has long been recognized in domestic relations cases. *Covington*, 459 So. 2d at 782 (citing *Crum v. Upchurch*, 232 Miss. 74, 98 So. 2d 117 (1957); *Gresham v. Gresham*, 198 Miss. 43, 21 So. 2d 414 (1945)).  Miss. Code Ann. § 9-5-87 (Rev. 2002) is the statute addressing the power of contempt of court in situations where a party does not comply with a chancery court's injunction, order or decree. See *Covington*, 459 So. 2d at 782.   It provides that "the chancery court...shall have power to punish any person for breach of injunction or any other order, decree or process of the court, by fine or imprisonment." Miss. Code Ann. § 9-5-87.  Further, we have held that only the court contemned has jurisdiction to punish the contemnor.  *Culpepper v. State*, 516 So. 2d 485, 487 (Miss. 1987) (citing *Kitchens v. State*, 293 So. 2d 815 (Miss. 1974); *Prine v. State*, 143 Miss. 231, 242, 108 So. 716, 719 (1926)).   Because the alleged contempt in the case at bar was against the Prentiss County Chancery Court, it is further mandated that the Prentiss County Chancery Court is the court of proper jurisdiction.

¶9.    The statute, Miss. Code Ann. § 93-15-105, as cited by Shannon does not change the well-established rule that a chancery court which grants the custody of children in a divorce

4

proceeding has, as between the same parties, continuing exclusive jurisdiction to modify the decree upon changed circumstances.

¶10.    In ***K.M.K. v. S.L.M. ex rel. J.H.***, 775 So. 2d 115 (Miss. 2000), this Court reviewed the denial of a motion to dismiss which alleged improper jurisdiction. S.L.M., by and through her foster parents, filed an action in the Hinds County Chancery Court to terminate the parental rights of her natural mother, K.M.K. *Id.* at 116. K.M.K. filed the motion to dismiss, alleging improper jurisdiction in the Hinds County Chancery Court as the County Court of Hinds County, sitting as the Youth Court, had already taken jurisdiction over the child after making findings of abuse and neglect and placing S.L.M. in the home of foster parents. *Id.* We held that the chancery court may not exercise jurisdiction over abused or neglected children or any proceeding pertaining thereto over which the youth court may exercise jurisdiction if there has been a prior proceeding in the youth court concerning the same child. *Id.* at 118. In that case this Court stated:

> [O]ur holding promotes other values important to judicial administration. First, it will prevent forum shopping. The foster parents in this case brought the termination of parental rights suit in the termination of parental rights suit in the chancery court only after the youth court had twice refused to terminate the visitation rights of K.M.K. Second, our holding will prevent potentially conflicting orders between trial courts dealing with the same issues. Lastly, this holding will prevent multiple suits in different courts and promote judicial economy by allowing a court already familiar with the parties and situations to hear all petitions dealing with those same parties and situations.

*Id.* at 118. Joel argues the same in the case at bar. This Court must always guard against potential "forum shopping." *Id.* We are again mindful of our duty to "prevent multiple suits in different courts and promote judicial economy" by requiring that this case remain in Prentiss County Chancery Court which first considered custody of the child of these parties.

*Id.* Equally important is this Court's role to "prevent potentially conflicting orders between trial courts." *Id.*

¶11. The case of ***Reynolds v. Riddell***, 253 So. 2d 834 (Miss. 1971), presented a similar situation. In that case, this Court was presented with the issue of whether the Washington County Chancery Court had jurisdiction to modify a decree of divorce and custody of minor children which had been entered by the Chancery Court of Sunflower County. *Id.* The Washington County Chancery Court determined that it had jurisdiction to modify the previous decree of the Sunflower County Chancery Court. *Id.* This Court reversed and stated that:

> It would seem, therefore, that the rule is well established that a chancery court which grants the custody of the children in a divorce proceeding has, as between the same parties, continuing exclusive jurisdiction to modify the decree upon subsequent change in circumstances.

*Id.* at 836. The appellee in ***Reynolds*** relied on Miss. Code Ann. §1263.5 (1942) which in part read:

> In addition to the right to proceed under Section 2743, Mississippi Code of 1942, as amended...the chancery court of the proper county shall have jurisdiction to entertain suits for the custody, care, support and maintenance of minor children and to hear and determine all such matters....All actions herein authorized may be brought in the county where the child is actually residing, or in the county of the residence of the party who has actual custody, or of the residence of the defendant.

253 So. 2d at 836.

¶12. The statute interpreted in ***Reynolds*** has the same language as Miss. Code Ann. § 93-15-105 in reference to the filing of the matter in the county in which the child resides. As with the statute interpreted in ***Reynolds***, in the case at bar we hold that the Legislature did

6

not intend to create a new exception to the long established rule, but to allow filing in the county in which the child resides only if there had *never* been a court taking jurisdiction in the matter pertaining to that particular child.

**CONCLUSION**

¶13.    We hold that Prentiss County is the proper place for Shannon to have filed the action for contempt and for termination of parental rights.  There is a well established rule that a chancery court which grants the custody of children in a divorce proceeding has, as between the same parties, continuing exclusive jurisdiction to modify the decree upon subsequent changed circumstances.  The language in Miss. Code Ann. § 93-15-105 allowing a litigant to file in chancery court where the child resides applies in situations where there is not a court already having previous continuing exclusive jurisdiction.  Therefore, the Lafayette County Chancery Court's judgment is reversed, and this case is remanded to the court for prompt transfer to the Prentiss County Chancery Court for further proceedings consistent with this opinion.

¶14.    **REVERSED AND REMANDED.**

   **PITTMAN, C.J., WALLER, COBB, DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR.  McRAE, P.J., CONCURS IN RESULT ONLY.**

7