287 So.2d 434 (1973)
Mary Hall Carlson THIBODEAUX
v.
Mary Helen Bryant HILLIARD and James Hilliard.
No. 47320.
Supreme Court of Mississippi.
December 17, 1973.
*435 Tucker & Tucker, Tunica, for appellant.
Johnson & Adams, Senatobia, for appellees.
SMITH, Justice:
Mary Hall Carlson Thibodeaux filed a petition in the County Court of Tunica County against appellees, Mary and James Hilliard, praying for issuance of a writ of habeas corpus requiring them to produce Robert Earl Carlson, minor child of petitioner, whom she alleged to be wrongfully detained by appellees. She alleged that she was entitled to custody of the child and prayed that custody of such child be awarded to her. The writ was issued and, after an extended evidentiary hearing, the court entered a decree declining to award custody to appellant and confirming custody in appellees. From that decree this appeal has been prosecuted.
The trial court concluded from the evidence before him that the child had been abandoned by its mother, the appellant, and that it would be to the child's best interest to remain in the custody of the appellees.
Appellant, in seeking reversal, cites the several cases decided by this Court in which it has been said repeatedly that the child's best interest is the crucial consideration in custody cases such as this and that there is a presumption that the child's best interest will be served by the award of its custody to its parent or parents as against other relatives or third parties. Newman v. Sample, 205 So.2d 650 (Miss. 1968); Reynolds v. Davidow, 200 Miss. 480, 27 So.2d 691 (1946); Stegall v. Stegall, 151 Miss. 875, 119 So. 802 (1929); Nickle v. Burnett, 122 Miss. 56, 84 So. 138 (1920); Hibbette v. Baines, 78 Miss. 695, 29 So. 80 (1900).
Bearing in mind these cases in which the principles referred to have been firmly established in the jurisprudence of this State, the record made at the trial of this case has been examined with great care. Narration here of the unhappy facts and circumstances of this case would serve no useful purpose. The record reflects a number of irreconcilable conflicts in the evidence offered by the contending parties, including testimony as to statements said to have been made by appellant as to the child's paternity, as well as to the purpose and intent of the parties at the time the child had been left with appellees by appellant.
Notwithstanding the presumption that it is to the child's best interest to be placed with its parents, where evidence is offered touching this question and such evidence is in substantial conflict in its material aspects, it becomes a matter for the trial court, as a trier of facts, to decide the issues upon the evidence. In so doing, he is the judge of the credibility of the witnesses and the weight of the evidence. In reviewing the trial court's decision in such a case this Court will accept as established all that the evidence proves or reasonably tends to prove, together with all reasonable *436 inferences to be drawn from it, which support the findings of the trial court. If, when so reviewed, there is evidence sufficient to support the trial court's findings, such findings will not be disturbed on appeal. We are unable to say that the trial court was manifestly wrong in finding from the evidence that appellant did, in fact, abandon the child and that its best interest will be served by allowing it to remain with the appellees. Therefore, the decree appealed from must be affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, SUGG and WALKER, JJ., concur.