**J.D. FRANKS and Margaret Franks, Plaintiffs-Appellants,**

**v.**

**Van SMITH, et al., Defendants-Appellees.**

No. 82–4572.

United States Court of Appeals, Fifth Circuit.

Dec. 12, 1983.

Jim Waide, West Point, Miss., for plaintiffs-appellants.

James M. Ward, Starkville, Miss., for defendants-appellees.

P. Roger Googe, Asst. Atty. Gen., Jackson, Miss., William H. Ward, Starkville, Miss., for Michael McCormick.

ON PETITION FOR REHEARING

Before CLARK, Chief Judge, RUBIN and JOLLY, Circuit Judges.

PER CURIAM:

J.D. and Margaret Franks, appellants, petition this court for rehearing, asking that it modify its previous holding in their section 1983 suit that their fourteenth amendment claim is essentially one for custody of a child and thus beyond the jurisdiction of

federal courts. *See Franks v. Smith,* 717 F.2d 183 (5th Cir.1983). They argue that even though this court may have acted properly in dismissing their request for injunctive relief, they are entitled to a hearing on their fourteenth amendment claim for damages.

According to the facts set forth in our previous opinion, Pam Strong, mother of Misty Strong, left Mississippi and went to California, leaving Misty in the care of the Franks. Some two and a half years later she returned to Mississippi, and with the help of the Oktibbeha County Welfare Department and the Oktibbeha County Sheriff, went to the Franks' home and, without a warrant or any kind of prior judicial proceeding, unconstitutionally, it is claimed, seized Misty and returned to California with her.

This court addressed the Franks' fourth amendment claim in its previous opinion, and remanded it to the district court for determination whether the actions of the Oktibbeha County Sheriff and Welfare Department amounted to an unlawful "search" or "seizure." The Franks, however, now claim they are entitled to damages because the Oktibbeha County Sheriff and Oktibbeha County Welfare Department deprived them of Misty without due process of law in violation of their fourteenth amendment rights. Without reaching the question whether a deprivation occurred at the hands of state officials, we find this argument to be without merit.

For the Franks to recover damages under section 1983 for violation of their fourteenth amendment rights, they must prove they had a cognizable liberty or property interest in the object of the alleged deprivation. U.S. CONST. amend. XIV. Whether characterized as a "liberty" interest or a "property" interest, the Franks had no cognizable legal interest in Misty or in maintaining their social unit of which Misty was a member.

Certainly, under Mississippi law, the Franks had no legal claim to Misty. They were not related to her biologically, and had not adopted her legally. They were not foster parents who, by virtue of a contract with the state, had some legal status with respect to Misty. Under Mississippi law the Franks were "third parties" and legal strangers to Misty.

The law of Mississippi presumes that the best interests of a child will be served by preserving the biological family unit. *Thibodeaux v. Hilliard,* 287 So.2d 434 (Miss. 1973); *Rodgers v. Rodgers,* 274 So.2d 671, 673 (Miss.1973). The law is settled in Mississippi that unless and until the Franks proved that Pam Strong had abandoned her child or proved that she had forfeited her legal rights to the child by immoral or other conduct indicating that Misty's best interests would be served by placing her in their custody, the Franks had no legal right to the child. *Milam v. Milam,* 376 So.2d 1336, 1339 (Miss.1979).

After the Franks filed this suit in federal district court, the Chancery Court of Oktibbeha County, Mississippi, conducted a two-day hearing and found that Pam Strong had not abandoned Misty. Consequently, the chancery court determined that the Franks had no legal claim to the child. Although the chancery court made a custody decision based in part on what it considered to be the best interests of the child, in deciding the factual issue of abandonment, the court clearly indicated that under the facts of this case and the law of Mississippi, the Franks had no legal right to Misty. While this court realizes that we must look to the Franks' interests at the time of the alleged deprivation to determine if they had a valid section 1983 claim, *see Sniadach v. Family Finance Corp.,* 395 U.S. 337, 342, 89 S.Ct. 1820, 1823, 23 L.Ed.2d 349 (1969), the state court's subsequent decision verifies our understanding of the Franks' rights under Mississippi law at the time Pam Strong took physical custody of Misty.

The Franks likewise had no cognizable claim to Misty as a liberty interest under federal law. While deprivation of custody of a child or some other federally recognized interest may serve as a liberty inter-

est for the basis for a fourteenth amendment suit, the relevant cases limit recovery to those who have interests stronger than those deriving from an informal social unit. *E.g., Armstrong v. Manzo,* 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965) (divorced father); *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); (unwed father); *Smith v. Organization of Foster Families for Equality and Reform,* 431 U.S. 816, 97 S.Ct. 2094, 53 L.Ed.2d 14 (1977) (foster parents).

In *Smith* the Supreme Court discussed at length the factors relevant to determining whether persons not biologically related to a child have an interest in maintaining their social unit. The plaintiffs in *Smith* were foster parents who had a contract with the State of New York giving them some legal status with respect to a child whom the state wanted to return to the biological parents.

The Court considered biological relationship extremely important, though not dispositive, of the question whether unrelated parties have a legal interest in maintaining custody of a child. *Id.* at 843, 97 S.Ct. at 2109. The Court also considered emotional ties between the parties and the child to be extremely important, though not dispositive. *Id.* at 844, 97 S.Ct. at 2109. Finally, the Court noted that under the laws of New York, foster parents have only a limited expectation of continuity of their social unit, and decided that when the rights of the foster family and the rights of the biological family conflict, the interests deriving "from blood relationship, state-law sanction, and basic human right" necessarily override the foster family's contractual and emotional relationship. *Id.* at 846–47, 97 S.Ct. at 2110–2111.

*Smith* requires our holding that the Franks had no legally cognizable interest in having Misty remain with them. Unlike the foster parents in *Smith,* the Franks did not have a contractual interest in maintaining their social unit. Their ties with Misty were emotional only, and, while important, simply are not sufficient to create a legal interest against Misty's biological parent,

Pam Strong. They suffered no legal deprivation by the actions of the Oktibbeha County Sheriff and Welfare Department.

The appellants' petition for rehearing is therefore

DENIED.