## GRAY ET UX *v.* GRAY.

[83 South. 726, In Banc. No. 20952.]

1. HABEAS CORPUS. *After judgment awarding custody of infant to parents, courts cannot require them to permit child to visit grandparents.*

   After awarding the custody of a child to the party entitled thereto, the judge in a writ of *habeas corpus* trial is without power to direct the manner in which such party shall exercise his lawful authority over such child or to direct that he shall thereafter surrender, though temporarily, the custody thereof to another party.

2. SAME.

   The judge does not merely, because he presided in a *habeas corpus* trial in which the right to the custody of a person was determined, thereby acquire perpetual jurisdiction over the custody and welfare of such person, when the order entered by him either freeing the person from restraint or awarding his custody to the party entitled thereto has been executed, the judge's jurisdiction in the matter is at an end unless and until it is again invoked by the issuance of another writ of *habeas corpus*.

APPEAL from the chancery court of Madison county. HON. LAMAR F. EASTERLING, Chancellor.

*Habeas Corpus* proceeding by Frank Gray and wife against Dick Gray. From an order entered after decree awarding custody of child to petitioners which required petitioners to permit the child to visit defendant, petitioners appeal.

The facts are fully stated in the opinion of the court.

*E. E. Harrell,* for appellant.

We think the chancellor exceeded his authority by entering in vacation, decrees materially changing his former decree, especially in view of the fact that no notice was given the parties, and no proof was offered, we are not unmindful of the fact that the chancellor has power to make temporarry decrees, but the original decree in this case was not of that nature, but final, with all the incidents that attach to such or any other decree, and was beyond the power of the chancery court, or any other court to amend, vacate, annul or modify in any respect except as provided by law. See *Ex Parte Stanfield,* 98 Miss. 214.

When the original decree was signed and entered on the court minutes, at the regular may term, it then became a final decree, beyond the power of the chancellor to recall or modify, in the manner authorized by section 1016 of the Code of 1906, on the ground of fraud.

The judgment herein complained of are not sought to be changed in either of the ways indicated. The decree rendered June 28th and that of July 12th, were rendered in vacation without notice to the interested parties and without proof of any facts. The effect of these decrees is to reverse or annul the former or final decree. We think this was error. See *Anderson* v. *McInnis,* 99 Miss. 823.

The original decree recites: "The court doth find that the said parents are fit and capable persons, willing and able to raise and maintain their said child, and under the law should have the care and custody of their said son."

The decrees herein complained of destroy the original finding, by depriving the parents of the custody of their child. A parent's right to the custody of his child, if a fit and capable person, are so well settled, we need not cite authorities to this court.

Again, the last decrees alternate the custody between parents and grandparents for a period of thirty days. This practice is condemned in the case of *Turner* v. *Turner*, 93 Miss., where the court said through Chief Justice WHITFIELD: ''No child of that age should have his custody alternatively shifted, especially where the mother is living and a competent person to care for the child.''

In view of facts presented by this record, and the many decisions of our courts, we respectfully submit that the two last decisions of the chancellor should be set aside and the original decree re-instated.

*T. S. Wart,* for appellee.

No brief of record for appellee.

SMITH, C. J., delivered the opinion if the court.

On the 29th day of November, 1918, Frank and Mary Gray, who are husband and wife, filed a petition with the Hon. Lamar Easterling, chancellor of the Fifth chancery district, alleging that their lawful child, James B. Gray, then about five years old, was unlawfully detained from them by Richard Gray, the child's grandfather, and praying for the issuance of a writ of *habeas corpus,* and that the custody of the child be awarded to them. The cause proceeded regularly to trial, resulting in an order reciting:

''That the said parents are fit and capable persons, willing and able to raise and maintain their said child, and under the law should have the care and custody of their said son. It is therefore ordered, adjudged, and decreed that the said Frank Gray and Mary Francis Gray shall have the care, custody, and keeping of said child free from any interruption or interference of the said Dick Gray or the wife of Dick Gray, the grandpar-

ents of said James Gray. It is further ordered that the parents shall allow the grandparents to visit said child, and the said child shall be sent to visit its grandparents, but the said grandparents shall refrain from any act or word that will tend to entice, decoy, or in any way estrange the affection of the said child toward its parents, or cause him to leave the parents' home.

On July 9, 1919, the chancellor, in vacation issued an order to Frank and Mary Gray "to deliver the child . . . to its grandfather, Richard Gray, so as to allow said child to visit his grandfather for a period not to exceed thirty days," and "to comply with this and the former order herein, and upon failure to do so the child will be taken from you and you will be dealt with as for contempt." This order, in so far as the record discloses, was issued without any application therefor, either written or verbal. It was communicated to Frank and Mary Gray, but was not obeyed by them. On July 9th Richard Gray filed with the cancellor a petition reciting the failure of Frank and Mary Gray to obey the order directing them to deliver the child to him and to permit it to remain with him for the period of thirty days, and prayng that they be cited to appear and show cause why they should not be punished for a contempt of court. The chancellor directed the citation to issue pursuant to this petition, returnable to him on the 12th day of July, at which time after hearing the evidence he entered an order reciting:

"That if the defendants herein shall deliver the custody of James B. Gray, age five years, minor, to its grandparent within three days from this date for a thirty-day visit, and pay the cost of this proceeding to be taxed by the clerk, the proceeding for contempt shall stand dismissed. Upon failure to comply with this decree and the other decrees, as stated, then the court upon proof of such failure shall enter such further

decree punishing said defendants as may seem right and proper. That at the expiration of the thirty-day visit said child is to be returned by its grandparents to its parents.''

Afterward on petition of Frank and Mary Gray the chancellor granted them an appeal to this court.

While this appeal is from an order entered by a chancellor the jurisdiction of the chancery court, or of the chancellor exercising the powers therof in vacation, over subject of custody of children is not here involved; for when inquiring into the cause of the detention of a child brought before him on a writ of *habeas corpus* issued pursuant to the provisions of chapter 62, Code of 1916 (chapter 33, Hemingway's Code), a chancellor's powers are those only that can be exercised by the judge of any other court before whom such a writ is returnable, are measured by section 2461, Code of 1906 (section 2027, Hemingway's Code), and are to either set the child at liberty or award its custody to the party entitled thereto. After awarding the custody of a child to the party entitled thereto, the judge in a *habeas corpus* trial is without power to direct the manner in which such party shall exercise his lawful authority over such child, or to direct that he shall thereafter surrender, though temporarily, the custody thereof to another person. The judge does not, merely because he presided in a *habeas corpus* trial in which the right to the custody of a person was determined, thereby acquire perpetual jurisdiction over the custody and welfare of such person. When the order entered by him either freeing the person from restraint or awarding his custody to the party entitled thereto has been executed, the judge's jurisdiction in the matter is at an end unless and until it is again invoked by the issuance of another writ of *habeas corpus.*

The order appealed from will be reversed, and the cause dismissed.

*Reversed and dismissed.*

35.  121—Miss.