## LEGGETT *v.* LEGGETT.

(Division A.   October 20, 1947.)

[32 So. (2d) 189.   No. 36551.]

**J. Ed. Franklin,** of Jackson, and **A. S. Scott,** of Laurel, for appellant.

Paul G. Swartzfager, of Laurel, for appellee.

**Roberds, J.**, delivered the opinion of the court.

This cause involves the jurisdiction of the Chancery Court of the Second District of Jones County to award the custody of a minor and the right of William H. Leggett, the appellee, to invoke the jurisdiction of that court for that purpose. The questions arise under these circumstances:

The parties hereto were married in Jones County, Mississippi, October 27, 1940, and there lived as man and wife until September 17, 1943, when they separated in that county. Appellant then moved to Hinds County, Mississippi, bringing with her their only child, William Homer

Leggett III, then about one year old, who is the subject of the controversy on this appeal.

In May or April, 1944, appellee, the husband, filed a petition in the nature of a habeas corpus in the Chancery Court of Hinds County, seeking to obtain the custody of this child from his mother, the appellant. The Chancellor denied the petition, leaving the custody of the child with his mother, but granted the father the right to visit the child and have the minor in his possession at stated times and under described conditions. The decree also imposed on the father the obligation to pay the mother for the support and maintenance of the minor the sum of $25.00 per month. That decree contained this prohibition, "The said minor child shall not be removed from the jurisdiction of this court by either of the parties herein except on written consent of the court." The decree further recites, ". . . all parties being present in court and the court in all things having jurisdiction and it appearing that the parties herein have reached an agreement as to what should be done touching the custody of the child, which said agreement the court doth find is for the best interests of said child and is in all respects proper in the premises. It is therefore ordered, adjudged and decreed, the same having been agreed to between the parties herein . . ." then follows the adjudging and ordering part of the decree. The decree is dated April 7, 1944.

The minor remained with the mother under that decree, the father visiting the child but not always at the times so provided in the decree. There is some question, too, whether he made the payments for support required by the decree, but that is not material to the present hearing.

In March, 1946, the husband filed another petition in the Chancery Court of Hinds County, asking the Court to modify its decree of April 7, 1944, and award him the care and custody of the minor, setting up what he contends were changed conditions since the former de-

cree justifying the court in awarding to him the custody of the minor.

On March 22, 1946, the Chancellor entered this order on that petition: ''This cause having come on for hearing on petition and answer and the Court after hearing the statements of counsel and duly considering the matter orders that the decree of April 7, 1944, be not modified in accordance with the prayer of the petition at this time, but that the matter be passed subject to said decree until further ordered, and without prejudice to the petitioner at some later time to renew his petition in like manner and for the same purpose.''

On December 13, 1946, Mrs. Edith Nan Leggett filed against the husband in the Second Judicial District of Jones County a bill for divorce. The husband answered that bill and made his answer a cross bill, in which he again prayed the Court to grant him the care and custody of the child, setting up what he claimed to be changed conditions occurring since the decree of April 7, 1944, which would justify the Chancery Court of Jones County in modifying the decree of the First Judicial District of Hinds County of April 7, 1944, and award to him the care and custody of the minor.

Mrs. Leggett demurred and filed pleas in bar and res judicata to this cross bill, raising the question of the jurisdiction of the Jones County Court and the right of the husband to invoke the jurisdiction of that court in that proceeding to change and award the custody of the child. The Chancellor overruled the demurrer and denied the pleas. The appeal here is from that action of the Chancellor.

It is thus seen that the Chancery Court of the First District of Hinds County awarded the custody of this child and fixed the rights and responsibilities of the parties with reference to him; provided he should not be removed from the jurisdiction without written consent of the court. No such consent was obtained. Appellee says this was merely an agreement of the parties—a con-

tract. It is more than that. While the parties agreed to it, the decree finds and adjudicates certain essential facts, including what was for the best interest of the minor, and decrees the rights, duties and liabilities of the parties. It has all the force and impelling power of a decree, with the right to the aid of the court and its proper officers in its enforcement.

Appellee further says that after final judgment on a petition for habeas corpus, the court loses jurisdiction of the subject matter and its jurisdiction cannot be again invoked "except by the issuance of another writ of habeas corpus." That argument might have merit in a strictly legal habeas corpus matter involving merely the unlawful detention of a petitioner. It has no merit in a chancery court where the petition, while in the nature of a petition for writ of habeas corpus, is much broader than a mere legal petition involving unlawful detention, but which petition itself, as in this case, goes far beyond such strictly legal petition, and raises the issue of the best interest of the child, and who should have its custody, and the obligation of the parents. The technical name given the pleading is immaterial. Mahaffey v. Mahaffey, 176 Miss. 733, 170 So. 289.

The husband had no right to invoke the jurisdiction of the Jones County Court and that court has no jurisdiction. The husband had agreed that the child should not be removed from the jurisdiction of the Hinds County Court without the written consent of such court. The court had adopted and embodied that agreement as a part of its decree. In addition to this, the husband, in March, 1946, had filed another petition, asking for a modification of the former decree, and an award to himself of the custody of the minor. The Chancellor rendered a decree on that petition denying its prayer at that time but decreeing ". . . that the matter be passed subject to said decree until further ordered . . .," by which the Hinds County Court retained jurisdiction of the subject matter. The chancellor already had prohibited the removal of

the minor from his jurisdiction without his written consent, and apparently the minor was not physically within the district of the Jones County Court.

It would provoke endless confusion to permit one, or several, other courts to undertake to adjudicate the rights of the parties and best interest of this minor, at the instance of the father, in this state of affairs. While not exactly in point on the precise question here involved, but as having an important bearing upon it, see Cole v. Cole, 194 Miss. 292, 12 So. (2d) 425.

Reversed and remanded.