ERNEST KELLNER, Commissioner for the Court.[1]
Appellant, Mrs. Myra Ella Stevens (Odom), appeals from the order of the Chancery Court of Wayne County, Mississippi, denying her motion to set aside void proceedings of the Wayne County Chancery Court.
On November 16, 1972, the Circuit Court of Mobile County, Alabama, granted Myra Ella Stevens a divorce from Curtis Ray Stevens. The Alabama Court decreed custody of Gail Lynn, Pamela Faye, and Kenneth Ray Stevens, minor children of the marriage, to the mother, Myra Ella Stevens “subject to reasonable rights of visitation on the part of the Respondent”. The decree of divorce also contained this language:
“Jurisdiction be and hereby is retained in this cause as to any further or future orders or decrees as to the care, custody and maintenance of said "minor children as to the Court may seem proper and as changed conditions may require.”
On December 4, 1972, Myra Ella Stevens filed her petition for a writ of habeas corpus against Curtis Ray Stevens in the Chancery Court of Wayne County, Mississippi, to obtain the custody of Kenneth Ray Stevens, minor, whom she contended was being illegally detained by his father. Stevens filed an answer to the petition in which he contended that the Alabama divorce decree was obtained by fraud, and that the Alabama Court was without jurisdiction to grant the divorce. He also averred in his answer that Mrs. Stevens was living with another man, was not a fit and proper person to have the custody of Kenneth Ray Stevens, and denied that she was entitled to the custody of their minor son.
Mrs. Stevens then filed an answer to the affirmative matter set up in the answer of defendant. Thereafter the parties entered into an agreed decree which the Wayne County Chancery Court signed on December 18, 1972. The agreed decree was personally signed by Myra Ella Stevens and Curtis Ray Stevens and by their attorneys.
This agreed decree, after reciting that the parties were divorced in Mobile County, Alabama, on November 16, 1972, and that the custody of all three children was awarded to Mrs. Stevens, found that she was a fit and proper person to have the custody of the three children and decreed custody of all three children to Mrs. Stevens. The agreed decree went further and spelled out in specific detail the visitation rights decreed generally by the Alabama court. It also reduced the weekly child support payment to be made by Stevens.
On October 8, 1973, Stevens filed in the Chancery Court of Wayne County a petition against Mrs. Stevens (Odom) to modify the agreed decree of December 18, 1972, of the Wayne County Chancery Court, to award custody of the three children to him because *911 Mrs. Stevens had entered into a bigamous marriage with one James William Odom.
Although it was averred in the Petition to Modify that Myra Ella Stevens (Odom) was a non-resident of Mississippi, that her residence was 323 Barbour Drive, Prichard, Alabama, summons was issued by the Chancery Clerk of Wayne County to the sheriff of Wayne County, and the sheriff’s return shows that chancery summons was personally served on Mrs. Stevens (Odom) on October 26, 1973. On October 10, 1973, Mrs. Stevens (Odom) filed in the Chancery Court of Wayne County a Petition for Citation for Contempt against Curtis Ray Stevens' in which she contended that Stevens was in contempt of court because he had refused to return the three children to her as required by the agreed decree of December 18, 1972, of the Wayne County Chancery Court. Citation for contempt returnable at 9 A.M. on October 19, 1973, was personally served on Stevens on October 11, 1973.
The Wayne County Chancery Court held a hearing on both the Petition to Modify and the Petition for Citation for Contempt on October 19, 1973, and entered an order modifying the agreed decree of December 18, 1972, by awarding temporary custody of the three minor children to Curtis Ray Stevens. The chancellor found in his order that the question of a bigamous marriage by Mrs. Stevens created a serious doubt as to her fitness to have custody of the children.
On November 30, 1973, the Chancery Court of Wayne County entered a “Final Decree of Custody of Children” awarding permanent custody of the three minor children to Curtis Ray Stevens. In this decree the chancellor found that even though James William Odom had obtained a divorce from Marlene Odom in Mobile County, Alabama, on October 23, 1973, and Myra Ella Stevens had again attempted to contract a ceremonial marriage with Odom in Wayne County on October 26, 1973, that this second attempted marriage was not valid because the Alabama decree provided “in no event should either party contract a marriage before the expiration of 60 days after the rendition of the decree”. The court found that there had been a material change of circumstances since the agreed decree of December 18, 1972, and that permanent custody should be awarded to the father, Curtis Ray Stevens.
Thereafter, on March 14, 1974, Myra Ella Stevens (Odom) filed a Petition in the Chancery Court of Wayne County to modify the final decree of November 30, 1973, and to again award custody of the three children to her because her marriage to Odom had been made legal and that she had a “good, loving and proper home in which to rear the minor children.”
On March 21, 1974, Mrs. Stevens (Odom) filed in the Chancery Court of Wayne County a Petition for Writ of Habeas Corpus to obtain visitation privileges with the minor children as provided in the decree of November 30, 1973. In his answer, filed May 6, 1974, to this petition for writ of habeas corpus, Stevens included as exhibits an Ex Parte Petition for Instanter Custody, filed in the Circuit Court of Mobile County, Alabama, and an Order dated February 19, 1974, granting the Ex Parte Petition for Instanter Custody and awarding custody to Curtis Ray Stevens.
On May 8,1974, the Wayne County Chancery Court entered an order continuing this case until the June, 1974, term of court. On September 16, 1975, the new attorney for Myra Ella Stevens Odom, Honorable W. Vol Jones, Jr., filed a motion in the Chancery Court of Wayne County to set aside void proceedings, which motion was overruled by order entered the same day.
The appellant assigns as error that the Wayne County Chancery Court:
(1) Exceeded its jurisdiction in entering the agreed decree of December 18, 1972, which went beyond the prayer of the petition for writ of habeas corpus wherein only custody of Kenneth Ray Stevens was prayed for.
(2) Erred in not giving full faith and credit to the decree of divorce of the Circuit Court of Mobile County, Alabama, dated November 16, 1972.
*912 (3) Erred in its failure to sustain the motion' to strike void proceedings.
All three of these assignments of error are well taken.
In Gray et ux. Gray, 121 Miss. 541, 83 So. 726 (1920), this Court said:
“After awarding the custody of a child to the party entitled thereto, the judge in a habeas corpus trial is without power to direct the manner in which such party shall exercise his lawful authority over such child, or to direct that he shall thereafter surrender, though temporarily, the custody thereof to another person. The judge does not, merely because he presided in a habeas corpus trial in which the right to the custody of a person was determined, thereby acquire perpetual jurisdiction over the custody and welfare of such person. When the order entered by him either freeing the person from restraint or awarding his custody to the party entitled thereto has been executed, the judge’s jurisdiction in the matter is at an end unless and until it is again invoked by the issuance of another writ of habeas corpus.” 121 Miss. at 545, 83 So. at 726-27. (Emphasis added).
The fact that the decree, entered on December 18, 1972, by the Chancery Court of Wayne County in the habeas corpus proceeding, was an agreed decree makes no difference. The continuing jurisdiction of the subject matter, namely, the custody and support of the three children of the marriage, was in the Circuit Court of Mobile County, Alabama, by virtue of the Decree of divorce and custody entered November 16, 1972, by that Court.
In Duvall v. Duvall, 224 Miss. 546, 80 So.2d 752 (1955), this Court said:
“We consider the sole question of whether the court ha[s] jurisdiction of the subject matter.
“It is a universal rule of law, recognized by the text writers and every court dealing with the question, that parties cannot, by consent, give a court, as such, jurisdiction of subject matter of which it would otherwise not have jurisdiction. Jurisdiction in this sense cannot be increased or diminished by the consent of the parties. [Citations omitted].
“It is equally well settled that a judgment rendered by a court having no jurisdiction of the subject matter is void, not merely voidable, and may be attacked directly or collaterally, anywhere, and at any time. Such a judgment is a usurpation of power and is an absolute nullity. [Citations omitted].” 224 Miss, at 552, 80 So.2d at 754.
The only part of the agreed decree of December 18, 1972, which was valid is that part finding that the petitioner, Myra Ella Stevens, was entitled to the custody of Kenneth Ray Stevens in accordance with the divorce decree of the Circuit Court of Mobile County, Alabama.
The order overruling the motion to set aside void proceedings is reversed, and an order will be entered here sustaining the motion to set aside as void all proceedings in the Chancery Court of Wayne County, Mississippi, with the single exception noted above.
REVERSED AND RENDERED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.

. Sitting pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.