SUGG, Justice,
for the Court:
This interlocutory appeal is from an order of the Chancery Court of Coahoma County overruling defendant’s motion to dismiss for lack of jurisdiction. We affirm.
Ann Rosemary Roach Lang filed an amended bill of complaint in two counts under section 93-11-65 Mississippi Code Annotated (1972) against Ernest Liddell Roach, Dan Roach, and Betty Roach for custody and support of the minor child of complainant and defendant, Ernest Liddell Roach. In count one complainant alleged that an Oklahoma divorce and custody decree was void because it was fraudulently obtained. In count two, complainant pled in the alternative, if the Oklahoma decree was not declared void, she be awarded custody of the child because of changed conditions and circumstances since the rendition of the Oklahoma decree.
Defendants filed an answer containing five affirmative defenses and a motion to dismiss for lack of jurisdiction contending that jurisdiction was vested in the Chancery Court of Rankin County. The motion was submitted to the judge on the pleadings which showed:
1. Ernest Liddell Roach and Rosemary Roach Lang were married August 6, 1971, in Winter Haven, California.
2. The parties moved to Mississippi where one child, Charles Ernest Roach was born on August 3, 1972.
3. The parties were divorced by final decree of the Chancery Court of Rankin County on February 26, 1974, and custody of the child was awarded to complainant.
4. The complainant married James Woodrow Lang on December 13, 1974.
5. James Woodrow Lang is deceased but the date of his death does not appear in the record.
6. The district court of Texas County, Oklahoma granted Ernest Liddell Roach a divorce from complainant and awarded him custody of the child of the parties on December 14, 1978.
7. The Chancery Court of Rankin County entered a final order granting a writ of habeas corpus on February 21, 1979, giving full faith and credit to the Oklahoma decree and awarded Ernest Liddell Roach custody of the child of the parties.
*13 8. The Superior Court of Lee County, Georgia, in a proceeding under the Uniform Child Custody Jurisdiction Act, gave full faith and credit to the Oklahoma divorce decree and awarded custody of the child to Ernest Liddell Roach on July 13, 1979.
9. The amended bill of complaint alleged that the child was residing in Coahoma County, in the home of defendants Dan Roach and Betty Roach.
Defendants argue here the Chancery Court of Coahoma County had no jurisdiction under count one because the Chancery Court of Rankin County had continuing jurisdiction over the child because it had adjudicated custody of the child in a divorce case before the commencement of the present action. In support of this argument, defendants state, if the allegations of the amended bill that the parties were divorced by the Chancery Court of Rankin County in 1974 and custody of the child was awarded in the decree, and if the Oklahoma decree is void as alleged, the Chancery Court of Rankin County had continuing jurisdiction over the custody of the child. We agree and so held in Reynolds v. Riddell, 253 So.2d 834 (Miss.1971). In Reynolds the husband filed a petition under Mississippi Code 1942 Annotated section 1263.5 (Supp. 1971), now section 93-11-65 Mississippi Code Annotated (1972) for custody of his two minor children. The complaint was filed in the Chancery Court of Washington County and modified a decree of the Chancery Court of Sunflower County in which the wife was granted a divorce from the husband and awarded custody of their two minor children. We held that the Chancery Court of Washington County did not have jurisdiction to modify the decree of custody entered by the Chancery Court of Sunflower County since the latter court had continuing jurisdiction over the minor children.
We note, however, the Chancery Court of Coahoma County has not decided whether the Oklahoma decree is void and may decline to hold so after a hearing on the merits. If the Coahoma County Chancery Court holds the Oklahoma decree void, then it should transfer the case to the Chancery Court of Rankin County for further proceedings in accord with Reynolds v. Riddell, supra. If the trial court accords the Oklahoma decree full faith and credit, it will have jurisdiction to consider modification of the Oklahoma decree under count two.
Defendants also argue that the Chancery Court of Rankin County has continuing jurisdiction by virtue of the fact that it issued a writ of habeas corpus in 1978 awarding custody of the child to the father after according full faith and credit to the Oklahoma decree. Defendants’ argument that the Chancery Court of Rankin County has continuing jurisdiction because of this habeas corpus proceeding is based on Leggett v. Leggett, 202 Miss. 435, 32 So.2d 189 (1947).
In Leggett the parties were married in Jones County and lived there as man and wife until they separated three years later in Jones County. The mother moved to Hinds County and carried their only child with her. The next year the husband filed a petition “in the nature of a habeas corpus” in the Chancery Court of Hinds County for custody of the child. The chancellor denied the petition, granted custody of the child to the mother, granted the father visitation rights, and required the father to pay monthly support to the mother of the child. The decree recited that the parties had agreed to the custody and support provisions and the court found the agreement to be in the best interest of the child and incorporated the agreement in the decree. Two years later the husband filed another petition in the Chancery Court of Hinds County to modify the original decree and award him custody of the child and alleged that conditions had changed since the former decree which would justify the court in awarding him the custody of the child. The chancellor denied the relief requested by the father without prejudice to the father to renew his petition at a later time.
The mother then filed a bill for divorce against the father in Jones County. The father answered, made his answer a cross-bill, and sought custody of the child on the basis of changed conditions occurring since *14 the original decree of the Hinds County Chancery Court.
The mother demurred, filed a plea in bar, and a plea of res judicata to the cross-bill raising the question of the jurisdiction of the Chancery Court of Jones County to determine the custody of the child. The chancellor overruled the demurrer, denied the pleas, and the mother appealed from that action. This Court reversed and stated:
Appellee further says that after final judgment on a petition for habeas corpus, the court loses jurisdiction of the subject matter and its jurisdiction cannot be again invoked “except by the issuance of another writ of habeas corpus.” That argument might have merit in a strictly legal habeas corpus matter involving merely the unlawful detention of a petitioner. It has no merit in a chancery court where the petition, while in the nature of a petition for writ of habeas corpus, is much broader than a mere legal petition involving unlawful detention, but which petition itself, as in this case, goes far beyond such strictly legal petition, and raises the issue of the best interest of the child, and who should have its custody, and the obligation of the parents. The technical name given the pleading is immaterial. Mahaffey v. Mahaffey, 176 Miss. 733, 170 So. 289. (202 Miss, at 441, 32 So.2d at 190)
The ruling in Leggett is contrary to the general rule that a habeas corpus court is a special court convened to try a single cause, and when a final judgment is rendered, its functions and powers cease.[1] Ledbetter v. Bishop, 210 So.2d 880 (Miss.1968); Mitchell v. Powell, 253 Miss. 867, 179 So.2d 811 (1965); Talley v. Womack, 249 Miss. 773, 163 So.2d 742 (1964). In other cases we have held that the only final judgment that can be rendered in a habeas corpus court involving custody of a child is to award its custody to the person entitled thereto. After awarding custody of a child to the person entitled thereto, the court may not by subsequent order require visitation rights or temporary surrender of custody. Yarbrough v. Dunnam, 130 Miss. 669, 94 So. 892 (1922); Gray v. Gray, 121 Miss. 541, 83 So. 726 (1920).
Leggett stands alone outside the mainstream of our decisions and is the only case we find holding that the chancery court in a habeas corpus proceeding retains continuing jurisdiction over minor children. Leggett was decided before the enactment of section 93-11-65 Mississippi Code Annotated (1972) which gives the chancery court original jurisdiction to entertain suits for the custody and support of minor children. The jurisdiction conferred by the statute is in addition to the right to have custody and support of minor children adjudicated under section 93-5-23 Mississippi Code Annotated (Supp.1980), in addition to the remedy of habeas corpus, and any other existing remedies. Before the enactment of section 93-11-65, the custody of children could be determined only in a suit for divorce, a suit for separate maintenance, a habeas corpus proceeding or in a suit to modify a decree awarding custody. Although custody of a child may be awarded in a habeas corpus proceeding, support for the child and visitation rights of the parties may not be determined in the habeas corpus court. Leggett represents an unwarranted extension of the writ of habeas corpus and has not been followed but was severely criticized in Mitchell v. Powell, supra. We overrule Leggett and hold that the Chancery Court of Rankin County does not have continuing jurisdiction over the child involved in this case by virtue of the decree rendered by it in the habeas corpus proceeding in 1978.
In count two of her declaration, complainant pleads for alternative relief in the event the Oklahoma decree is accorded full faith and credit, and prays for modification of the Oklahoma decree based on changed conditions and circumstances. Chancery courts have jurisdiction to modify foreign decrees involving custody and support of minors when conditions have *15 changed justifying modification. Latham v. Latham, 233 Miss. 263, 78 So.2d 147 (1955).
The trial court had jurisdiction under the allegations of the amended bill of complaint and properly overruled the motion to dismiss. Accordingly, we affirm and remand for further proceedings consistent with this opinion.
AFFIRMED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.

. We apply the same rule in special courts of eminent domain. Mississippi State Highway Commission v. First Methodist Church of Biloxi, 323 So.2d 92 (Miss. 1975).