471 So.2d 1213 (1985)
Ruth Ann Steele WADE
v.
Israel Sylvester LEE, IV.
No. 54804.
Supreme Court of Mississippi.
June 5, 1985.
*1214 Philip Mansour, Jr., Mansour & Thomas, Greenville, for appellant.
Eugene Sexton Berry, Jr., Jackson, for appellee.
Before PATTERSON, C.J., and DAN M. LEE and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This is another of those cases the moral of which is that our law accords value to the best interest of a minor child secondary only to life itself. This premise in mind, it should startle no one that a county judge presented with a petition for a writ of habeas *1215 corpus by a non-custodial parent followed by proof that the custodial parent had become a frequent drug user and was substantially emotionally unstable refused to enforce a prior chancery court custody decree. We likewise doubt anyone will be surprised that we affirm.

II.
Ruth Ann Steele Wade and Israel Sylvester Lee were divorced on October 13, 1980, by decree of the Chancery Court of Sharkey County, Mississippi. That decree vested primary custody of the parties' only child, Jason Lowry Lee, in Wade, his mother. Weekend visitation rights were granted Lee, Jason's father. At the time Jason was approaching four years of age, he having been born on January 17, 1977.
On or about February 25, 1983, Lee was exercising weekend visitation rights with his then six year old son at his residence in Jackson, Mississippi. Wade appeared intoxicated when she attempted to pick up the child, and Lee refused to give him to her.
Wade filed a petition for writ of habeas corpus against Lee in the County Court of the First Judicial District of Hinds County, Mississippi. After hearing testimony from both sides, the County Judge on April 6, 1983, entered a Judgment dismissing Wade's petition and temporarily vesting custody of the child with Lee, his father. In the face of substantial testimony that Wade had become a frequent user of illegal controlled substances, had become emotionally unstable, and that her second marriage was floundering, the trial judge found that Wade was "an unfit and unsuitable mother for the said child and is an unsuitable influence on said child". This ruling is assigned as error on this appeal.

III.

A.
This proceeding lies within the subject matter jurisdiction of the County Court of the First Judicial District of Hinds County, Mississippi, Miss. Code Ann. § 9-9-23 (1972); Cole v. Cole, 194 Miss. 292, 295, 12 So.2d 425, 426 (1943); Payne v. Payne, 58 So.2d 377, 378-79 (Miss. 1952); Thibodeaux v. Hilliard, 287 So.2d 434 (Miss. 1973), notwithstanding that the original custody decree had been entered by a chancery court. Smith v. Watson, 425 So.2d 1030, 1032 (Miss. 1983). Mixon v. Bullard, 217 So.2d 28 (Miss. 1968). We long ago assumed that in matters such as this the "county judge ... acts ... with all the power and authority of a ... chancellor". Cole v. Cole, 194 Miss. 292, 295, 12 So.2d 425, 426 (1943).
Wade, nevertheless, disputes the authority of the County Court and argues that its decision unlawfully effects a modification of the divorce decree of the Chancery Court of Sharkey County in that it vests custody of the minor child in Lee and, in addition, affects such connected issues such as Lee's responsibility to pay child support to Wade. In this connection it must be noted that the County Court Judgment has been expressly made both temporary and subordinate for it provides:
III.
That this Judgment be, and same is hereby, not considered an attempt on the part of this Court to modify that said final decree of divorce, rendered by the Chancery Court of Sharkey County, Mississippi, between Petitioner (Wade) and Respondent (Lee);
IV.
That the custody of the said minor child be and the same is hereby, vested with the Respondent, ISRAEL SYLVESTER LEE IV, pending further action by the said Chancery Court of Sharkey County, Mississippi, on any further Petition for Modification that is pending or may be brought by either or both parties;
The County Court refused to grant Petitioner Wade any relief via habeas corpus, a ruling necessarily predicated upon an adjudication that Lee, Jason's father, was not unlawfully retaining custody. En route the County Judge entered a temporary *1216 order vesting custody of the child in Lee in order to safeguard the best interests of the child. His order by its express terms will remain in effect only until the Chancery Court of Sharkey County hears the matter under the aegis of a petition for modification brought by either or both parties. All of this was within the authority of the County Judge, and within the evidence.
Wade nevertheless argues vigorously that affirmance today would create a potential for unseemly jurisdictional collisions between chancery and county courts, relying primarily upon Ladner v. Ladner, 206 So.2d 620, 624 (Miss. 1968). That case articulates the general principle that the court whose decree originally decides the custody arrangements of a minor child has exclusive and continuing jurisdiction over that child, and any other court is without jurisdiction to modify the original court's decree. See also, Reynolds v. Riddell, 253 So.2d 834, 836-37 (Miss. 1971); Hinman v. Craft, 204 Miss. 568, 575, 37 So.2d 770, 770-71 (1948).
It is much too late to question that an exception to this general premise is recognized where, subsequent to the original decree, the party originally awarded custody has abandoned the child or has otherwise become an unfit parent. Mixon v. Bullard, 217 So.2d 28, 30 (1968). In Smith v. Watson, 425 So.2d 1030 (Miss. 1983), the custody of a child, as provided by a prior decree of the Chancery Court of Hinds County, was at issue in the County Court of Warren County. This Court said:
The appellant contends that the county court erred in disregarding the prior chancery court decree, and in conducting a full hearing to determine who should have custody. Generally, when prior proceedings conducted by another court determined the custody of an infant, the prior judgment must be regarded as final, and it is not subject to attack by subsequent habeas corpus proceedings. (citations omitted) However, the habeas corpus court can disregard the prior decree where circumstances and conditions arising since the decree show that the party awarded custody is unfit to exercise or has abandoned custody of the child. (citations omitted)
 425 So.2d at 1032; see also Mixon v. Bullard, 217 So.2d 28, 30 (Miss. 1968).
The showing required before a county judge in a habeas corpus proceeding may alter custody is stronger than in the ordinary chancery modification proceeding. In such a chancery proceeding the non-custodial parent must show (a) a substantial change of circumstances since entry of the decree sought to be modified, (b) adversely affecting the child, and (c) that the best interests of the child require the change of custody. Smith v. Todd, 464 So.2d 1155, 1157 (Miss. 1985); Tucker v. Tucker, 453 So.2d 1294, 1297 (Miss. 1984); Cheek v. Ricker, 431 So.2d 1139, 1143 (Miss. 1983). In a habeas corpus proceeding the non-custodial parent must go further and affirmatively show that, since entry of the decree prescribing the custody arrangement in force and effect at that time, the custodial parent has abandoned the child or has otherwise become altogether unfit to continue to exercise custody over the child. Smith v. Watson, 425 So.2d at 1032; Mixon v. Bullard, 217 So.2d at 30.
The County Court's treatment of the substantive issue in this case conformed to the above principles of law. Moreover, the County Court's judgment accords with the overall policy that the paramount interest effected in such cases should be the best interest and welfare of the child. See Pearson v. Pearson, 458 So.2d 711, 713 (Miss. 1984) (despite unconscionable behavior by the mother, this Court condoned altering an original decree of one court in a different court when urgent circumstances would necessitate a modification); Roach v. Lang, 396 So.2d 11, 14-15 (Miss. 1981) (courts have jurisdiction to modify foreign decrees when conditions have changed justifying modification); Bassett v. Sims, 220 Miss. 210, 218, 70 So.2d 530, 534 (1954) (a court should always give custody to the person having the legal right thereto unless circumstances justify a different result). Where as here there was *1217 substantial evidence that the petitioning custodial parent had been a continuing drug user, had become emotionally unstable and had even threatened suicide, the habeas court should step in, notwithstanding the provisions of the theretofore extant custody decree. And when it does so, the habeas court has the authority to adjust visitation and child support payments as may be appropriate.
We reaffirm the language in Smith v. Watson which allows a habeas court to "disregard the prior decree" on certain specified conditions. This language does not mean, however, that the habeas court acquires continuing jurisdiction over the child or his or her custody. Smith v. Watson expressly so states: "Nor did the habeas corpus court have authority to maintain continuing authority over this matter," 425 So.2d at 1035. The habeas court has jurisdiction only to affect custody of the child temporarily in accord with his or her best interests, pending hearings in the chancery court of competent jurisdiction which should then evaluate the changes in circumstance which have taken place since that original decree.
That the jurisdiction and procedure we recognize here  and which we have recognized heretofore  may have within them the potential for conflict between chancery and county courts is not our immediate concern. The legislature has vested habeas corpus jurisdiction in the county court, Miss. Code Ann. § 9-9-23 (1972). We have authoritatively elaborated upon that jurisdictional grant so that the sort of case we have today is seen well within it. Continued recognition of this jurisdiction and procedure appears substantially consonant with this state's deeply ingrained policy of securing the best interest and welfare of minor children. The temporary change of custody ordered in the judgment below is wholly consistent with the County Court's authority. It is likewise consistent with the primary general authority over child custody matters vested in the chancery court.

B.
Wade suggests in her brief that the County Court improperly went beyond mere grant or denial of the writ of habeas corpus and modified provisions of the chancery decree such "as visitation, support and other provisions regarding the care of the minor child". This the County Court did, as its April 6, 1983 judgment grants Wade, Jason's mother, weekend visitation on alternative weekends", and in addition requires that the parties keep each advised of the other's telephone number, etc.
Wade is entitled to no relief here in this regard. First, we are presented no assignment of error regarding this feature of the judgment. Moreover, the trial record reflects that Wade asked for weekend visitation rights. We are understandably slow to predicate error on a trial judge's doing what an appellant has asked to be done.
Finally, as an incident to his authority to entertain the habeas corpus proceeding in the first place, the county judge necessarily must be empowered to make and enter such judgments as are in the best interest of the child. Here mere denial of the writ would have left Jason within the exclusive custody and control of his father  temporarily, at least. It seems silly to suggest that the county judge did not have authority to go forward and provide for visitation in the mother, etc.

C.
In the case at bar, the County Court dismissed the petition filed by Wade, the party vested with permanent custody under the original chancery decree. It did so in a way that leaves Lee absolutely no incentive to petition the Chancery Court of Sharkey County or any other tribunal for modification of the custody decree. Because the paramount authority in matters such as this remains vested in the chancery court of original jurisdiction, the County Court should have placed a time limit upon its order; that is, the County Court should have provided Lee with a reasonable period *1218 of time within which to obtain a chancery modification of the original custody decree, failing which matters would revert to the terms and conditions specified in the original decree.
We confront a practical dilemma. The hearing below was held April 4, 1983. The record tells us nothing of what has happened to the child in the more than two years that have since intervened. In any event we recognize the great likelihood that the circumstances in which the parties and the child find themselves today are somewhat different than two years ago.
The last thing this Court wants to do is encourage unnecessary child custody litigation. We would hope that by now the parties may, in the interest of the child, have been able to reach an accord regarding a modification of the original custody decree. See Marascalco v. Marascalco, 445 So.2d 1380, 1382 (Miss. 1984). On the other hand, we must accede to the proposition that the County Court has no authority to enter a permanent decree for modification of the prior chancery decree.
Under these circumstances we affirm the judgment of the County Court insofar as it goes. We direct, however, that the order so affirmed will expire ninety days from the effective date of this Court's mandate; provided, however, that, should either party bring matters touching the custody and support of the aforesaid minor child before a chancery court of otherwise competent jurisdiction, the ninety day deadline shall be extended until entry of a final decree in any such proceeding. The best interests of Jason Lowry Lee, of course, would be served by the parties presentation to the Chancery Court of Sharkey County of an agreed decree regarding child custody, visitation, support and all other matters that may be appropriate.
AFFIRMED ON CONDITION.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.