947 So.2d 1023 (2007)
C.M., Individually and on Behalf of R.D.H., Jr., a Minor, and M.B.V.H., A Minor, Appellant
v.
R.D.H., Sr., Appellee.
No. 2005-CA-02037-COA.
Court of Appeals of Mississippi.
January 30, 2007.
*1025 Tina Lorraine Nicholson, Jackson, attorney for appellant.
Keri Temple Haralson, Brandon, attorney for appellee.
Before MYERS, P.J., CHANDLER and ROBERTS, JJ.
CHANDLER, J., for the Court.
¶ 1. C.M. appeals from an ex parte temporary restraining order issued by the Hinds County Chancery Court which awarded temporary physical custody of her two minor children, M.B.V.H. and R.D.H., Jr., to her ex-husband, R.D.H., Sr. Due to a jurisdictional defect, the temporary restraining order and all previous orders made by the Hinds County Chancery Court in this case were set aside by the chancellor. C.M. appeals, arguing:

*1026 I. WHETHER THE TRIAL COURT VIOLATED C.M.'S DUE PROCESS RIGHTS BY TRANSFERRING TEMPORARY CUSTODY OF THE MINOR CHILDREN TO R.D.H., Sr.
II. WHETHER THE TRIAL COURT ERRED BY TAKING TESTIMONY DURING HEARINGS REGARDING R.D.H., SR.'S MOTION TO DISSOLVE THE ORDER TERMINATING HIS PARENTAL RIGHTS.
III. WHETHER THE TRIAL COURT ERRED BY FAILING TO DISMISS R.D.H., SR.'S MOTION TO DISSOLVE THE ORDER TERMINATING HIS PARENTAL RIGHTS.
IV. WHETHER THE TRIAL COURT ERRED BY FAILING TO GRANT C.M.'S MOTION FOR SANCTIONS.
¶ 2. Because the court addressed the jurisdictional problem and set aside all previous entries of judgment and orders, the question of the propriety of the entry of the court's orders and ex parte hearings is moot. As such, we affirm the lower court's order.

FACTS
¶ 3. R.D.H., Sr. and C.M. were married in 1996 and lived in Morton, Mississippi. Two children, M.B.V.H. and R.D.H., Jr., were born from the marriage. In 1998, R.D.H., Sr. pled guilty to physically assaulting four minor children, all of whom were unrelated to him. R.D.H., Sr. served time in the Morton city jail for ninety days, coming home on the weekends for visits. During this time, R.D.H., Sr. was convicted of auto theft for stealing a police vehicle and served an additional sentence in Parchman. Upon his release from prison in 2001, R.D.H., Sr. maintains that he made attempts to reconnect with his children. C.M. disputes this, saying that R.D.H., Sr. made no effort to visit or communicate with his children until 2005.
¶ 4. During R.D.H., Sr.'s incarceration in Parchman, the couple divorced. C.M. moved to Jackson, Mississippi, with M.B.V.H. and R.D.H., Jr. and met J.M.C.M. and J.M. later married and moved to Crystal Springs, Mississippi.
¶ 5. On February 23, 2004, C.M. sought to terminate R.D.H., Sr.'s parental rights. She served R.D.H., Sr. through process by publication, stating that she did not know R.D.H., Sr.'s whereabouts since his release from prison. On June 29, 2004, the Hinds County Chancery Court terminated the parental rights of R.D.H., Sr. as to his two minor children, M.B.V.H. and R.D.H., Jr. J.M. adopted the minor children the same day.
¶ 6. Approximately one year later, R.D.H., Sr. contested these judgments by filing a motion to extinguish the order terminating his parental rights. He later filed an amended petition for emergency relief for temporary custody, alleging that his children would suffer bodily harm absent judicial involvement. R.D.H., Sr. claimed that C.M. lied about not knowing R.D.H., Sr.'s whereabouts and therefore service on him was improper, that J.M. physically abused the children, and that J.M. provided alcoholic beverages to the minor children.
¶ 7. Upon hearing testimony from R.D.H., Sr. and C.M.'s mother, E.M., the lower court ruled that C.M. did not properly serve process on R.D.H., Sr. for the termination of parental rights proceedings and that the children may have been in immediate harm. The court granted R.D.H., Sr. temporary custody of M.B.V.H. and R.D.H., Jr., and directed the sheriff to remove the minor children from C.M.'s custody until further proceedings. R.D.H., Sr. also filed a motion for contempt on October 11, 2005, stating that *1027 C.M. made deliberate misrepresentations to the court regarding any diligent efforts to effectuate proper service of process for the termination of R.D.H., Sr.'s parental rights.
¶ 8. A third hearing was held on October 20, 2005, at which both C.M. and R.D.H., Sr. were present. After listening to testimony, the court determined that it did not have proper jurisdiction to hear the matter since the original divorce and child custody proceedings were held in Scott County Chancery Court. Therefore, the court directed that any further action involving custody and child support should be brought in the proper venue, Scott County Chancery Court, pursuant to Mississippi Code Annotated Section 93-5-23 (Rev. 2004). All motions, pleadings, previous orders and pending hearings were set aside in the matter. In accordance with the divorce decree ordered in Scott County, physical custody of the children was returned to C.M.

LAW AND ANALYSIS
I. WHETHER THE TRIAL COURT ERRED BY TRANSFERRING TEMPORARY CUSTODY OF THE MINOR CHILDREN TO R.D.H., Sr.
¶ 9. C.M. argues that the lower court violated her due process rights by not providing her with adequate notice of two ex parte hearings.
¶ 10. A noncustodial parent may file a habeas action to obtain temporary custody upon a showing that the custodial parent has abandoned the child or has become "altogether unfit" to have custody. Wade v. Lee, 471 So.2d 1213, 1215 (Miss. 1985). A chancery court, "as guardian of all minor children in its district, is vested with authority to temporarily grant custody pending an investigation by a court appointed guardian ad litem, or the Hinds County Welfare Department, or Hinds County Youth Court. . . ." Adams v. Adams, 467 So.2d 211, 216 (Miss.1985).
¶ 11. Under M.R.C.P. 65(b), a temporary restraining order (TRO) may be granted without notice to the adverse party:
(1) if it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition; and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and reasons supporting his claim that notice should not be required.
The granting of a TRO is within the discretion of the trial judge, and we will not disturb the order absent an abuse of discretion. Moore v. Sanders, 558 So.2d 1383, 1385 (Miss.1990). Once a TRO has been ordered, a hearing for a preliminary injunction must be set for the earliest possible time. M.R.C.P. 65(b).
¶ 12. In the present case, the chancellor was presented with a motion for an emergency TRO alleging that M.B.V.H. and R.D.H., Jr. lived in a potentially harmful atmosphere. R.D.H., Sr. alleged that J.M. served the children beer to get them to sleep at night, and that J.M. beat the children if they did not call him "daddy." R.D.H., Sr. further asserted that he had no notice or knowledge of the proceedings regarding the termination of his parental rights. E.M.'s testimony corroborated R.D.H., Sr.'s allegations. Therefore, we find no evidence in the record that the chancellor abused his discretion by granting the TRO.
¶ 13. More importantly, within Mississippi only the court that issues an *1028 original custody order has exclusive and continuing jurisdiction to modify the order. Tollison v. Tollison, 841 So.2d 1062, 1066(¶ 13) (Miss.2003). Filing a petition for termination of parental rights in the county in which the child or defendant resides is only allowed in the absence of a prior custody ruling. Id. The Scott County Chancery Court entered the initial order of child custody. Therefore, Scott County had continuing jurisdiction over any subsequent modifications of child custody, and the Hinds County Chancery Court properly corrected its previous judgment upon recognizing this defect.
¶ 14. Our supreme court has stated that a judgment is void if the court that rendered it lacked jurisdiction of the subject matter. Miss. Dep't of Human Servs. v. Shelby, 802 So.2d 89, 96(¶ 28) (Miss.2001) (citations omitted). "[R]eview by appellate courts of immaterial, unnecessary, or moot questions will not ordinarily be considered." Insured Sav. and Loan Assoc. v. State, ex rel Patterson, 242 Miss. 547, 556, 135 So.2d 703, 707 (1961). The Hinds County chancellor recognized Scott County's continuing jurisdiction and vacated all previous orders which would have modified the original child custody order. Thus, C.M.'s argument is moot.
II. WHETHER THE TRIAL COURT ERRED BY TAKING TESTIMONY DURING HEARINGS REGARDING R.D.H., SR.'S MOTION TO DISSOLVE THE ORDER TERMINATING HIS PARENTAL RIGHTS.
¶ 15. C.M. argues that the court erred by soliciting improper testimony during the ex parte hearings for an emergency TRO. By hearing testimony referring to the inadequate service of process upon R.D.H., Sr. for the termination of parental rights, C.M. maintains that the court improperly held a hearing regarding the merits of R.D.H., Sr.'s motion to extinguish that order without providing her notice.
¶ 16. Our standard of review regarding the admission or exclusion of evidence is abuse of discretion and we will not reverse unless the error "adversely affects a substantial right of a party." Floyd v. City of Crystal Springs, 749 So.2d 110, 113(¶ 12) (Miss.1999).
¶ 17. In matters regarding child custody and visitation, it has been repeatedly held that the best interests of the child are of paramount importance. Morgan v. West, 812 So.2d 987, 992(¶ 13) (Miss.2002). This Court has held that "in order for the judge to determine custody of the minor child all testimony regarding factors of the child's best interest must be allowed." E.J.M. v. A.J.M., 846 So.2d 289, 293(¶ 12) (Miss.Ct.App.2003).
¶ 18 R.D.H., Sr. alleged that the children would suffer irreparable harm if left in C.M.'s custody. E.M. testified that J.M. provided beer to the minor children and that an unrelated male adult kept the children during the day while R.D.H., Sr. and C.M. worked. R.D.H., Sr. stated his willingness to legally remain a parent to the children by testifying that he was unaware of the proceedings terminating his parental rights. R.D.H., Sr. alleged, and E.M. corroborated, the allegation that C.M. purposefully did not alert R.D.H., Sr. to the proceedings because she wanted her new husband, J.M., to adopt the children. Such testimony was relevant in order for the chancellor to weigh the factors regarding the children's best interests.
¶ 19. C.M. further asserts that her due process rights were violated because she received no notice of the ex parte hearings. As stated above, M.R.C.P. 65(b) permits emergency requests to be *1029 heard without notice in accordance with a showing of immediate and irreparable harm. R.D.H., Sr. asserted in his initial pleadings that irreparable injury or harm would come to the children if the emergency hearings were denied. R.D.H., Sr. provided specific allegations of immediate harm, which were corroborated by other testimony. Thus, we find this argument to be without merit.
III. WHETHER THE TRIAL COURT ERRED BY FAILING TO DISMISS R.D.H., SR.'S MOTION TO DISSOLVE THE ORDER TERMINATING HIS PARENTAL RIGHTS.
¶ 20. C.M. argues that R.D.H., Sr.'s motion to dissolve the order terminating his parental rights should have been dismissed as untimely. The court entered an order terminating R.D.H., Sr.'s parental rights on June 29, 2004. R.D.H., Sr. filed his motion for relief on August 11, 2005.
¶ 21. M.R.C.P. 60(b) states that a party seeking relief from a judgment or order based on fraud, misrepresentation, or misconduct under 60(b)(1) must file the motion within six months upon entry of the judgment, order or proceeding. For any other reason justifying relief from the judgment under 60(b)(6), the motion must be filed within a "reasonable time." Id.
¶ 22. R.D.H., Sr. filed his petition approximately one year after the judgment terminating his parental rights. R.D.H., Sr. testified that he did not learn of the proceedings until the summer of 2005, at which time he immediately sought an attorney to remedy the situation. While it is arguable that R.D.H., Sr. may have been time-barred from filing a petition for post-judgment relief based on fraud, the order affected his fundamental rights and could therefore be considered under the general provision of 60(b)(6). Id.
¶ 23. Moreover, we find this issue to be moot because the original order terminating his parental rights is void, as discussed above, due to lack of subject matter jurisdiction. We have held that "cases in which an actual controversy existed at trial but the controversy has expired at the time of review, become moot." Monaghan v. Blue Bell, Inc., 393 So.2d 466, 466 (Miss.1980). This Court will not adjudicate moot questions. Id. at 467.
¶ 24. R.D.H., Sr. further claimed that the court never had personal jurisdiction over him in the termination proceedings because C.M. purposely avoided proper service of process. R.D.H., Sr. stated that upon his release from prison, he returned to his childhood home in Morton. This was the same address where he and C.M. lived during their marriage. C.M. testified that she knew E.M. had been in contact with R.D.H., Sr. in Morton, yet C.M. claims that she did not know R.D.H., Sr.'s current address. From the testimony, the chancellor determined that C.M. did not make a diligent effort to serve proper process. We find nothing in the record that shows that the chancellor abused his discretion in making that determination.
¶ 25. The Scott County Chancery Court which originally ordered the child custody arrangement had continuing jurisdiction and no other action affecting modification of its order may be filed in another county. Tollison, 841 So.2d at 1066(¶ 11). However, a court with continuing jurisdiction may transfer a case to the county where the parents or child reside if adjudication in that county would be more efficient. Reynolds v. Riddell, 253 So.2d 834, 837 (Miss.1971).
*1030 ¶ 26. Although the Hinds County chancellor initially granted C.M.'s motion to terminate R.D.H., Sr.'s parental rights, the court did not have proper subject matter jurisdiction to do so. When presented with information regarding the jurisdictional problem, the chancellor immediately corrected the defect by setting aside his previous orders and instructing that any further proceedings regarding the case be brought before the Scott County Chancery Court, pursuant to Mississippi Code Annotated Section 93-5-23. By the lower court setting aside the initial motion to terminate R.D.H., Sr.'s parental rights, we are unable to find that a live controversy exists or that C.M. has suffered a substantial interference with her constitutional rights.
IV. WHETHER THE TRIAL COURT ERRED BY FAILING TO GRANT C.M.'S MOTION FOR SANCTIONS.
¶ 27. C.M. finally argues that she should have been awarded sanctions because R.D.H., Sr. filed motions merely to harass C.M.
¶ 28. Under 11(b) of the Mississippi Rules of Civil Procedure, the court may award reasonable expenses and attorney's fees against a party or his attorney, or both, whose pleading or motion (1) is frivolous or (2) is filed for the purpose of harassment or delay. In reviewing whether the imposition of sanctions is warranted under Rule 11, we use an abuse of discretion standard. January v. Barnes, 621 So.2d 915, 921 (Miss.1992). We find no evidence in the record that R.D.H., Sr. pursued litigation in the sole attempt to harass C.M.R.D.H., Sr. sought relief for a fundamental right, that of being a parent to his two children. Therefore, we do not find an abuse of discretion by the chancellor and affirm the lower court's orders.
¶ 29. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.