WALLER, Chief Justice,
concurring in part and dissenting in part:
¶ 26. The fundamental issue before the court today is whether county courts have the jurisdiction to award child custody. The majority finds county courts have no such jurisdiction because, in the majority’s opinion, the value of child custody is incalculable. I disagree.
¶ 27. It must be first noted that this action arose as a paternity suit in the county court. County courts have been authorized to determine paternity in this state since the passage of the Uniform Act on Paternity in 1962. Miss.Code § 383-05 (1942) (predecessor to Miss.Code Ann. § 93-9-15 (Rev. 2013), which grants county court jurisdiction over paternity matters found in Sections 93-9-1 through 93-9-49). It is nonsensical and contrary to the intent of Mississippi Code Section 9-9-21, to recognize the authority of a county court to determine paternity and yet not confer to that same court the authority to decide the concomitant issues of custody and child support. See Miss.Code Ann. § 9-9-21 (Rev. 2014). To say a county court may not take such action totally compromises the concept of judicial economy and the fair and efficient administration of justice and especially burdens those who can least afford to litigate.
¶ 28. As the majority notes, county courts are a creation of the Legislature. Therefore, to resolve this matter, we must look to the statute that grants the county courts jurisdiction. Mississippi Code Section 9-9-21 states, in pertinent part, that the county court “shall have jurisdiction concurrent with the circuit and chancery courts in all matters of law and equity wherein the amount of value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of Two Hundred Thousand Dollars ($200,000.00)....” Miss.Code Ann. § 9-9-21 (Rev. 2014). The plain language of the statute clearly indicates that the Legislature intended the county courts to have concurrent jurisdiction with the chancery courts in all equity matters up to the $200,000 limit.
¶ 29. The majority reads this $200,000 limit to say that county courts lack jurisdiction in custody matters because county courts can exercise jurisdiction only over a *1138 thing with a value that can be calculated. Of course, nowhere in the statute does it say this. The more logical conclusion, and what is more in line with the statutory language, is that county courts have jurisdiction over all equity matters, unless there is some thing in controversy with a determined value more than $200,000. See Miss.Code Ann. § 9-9-21 (Rev. 2014). And because a precise calculation of the value of child custody currently eludes our courts — or as the majority would prefer, has “no calculable value” — there is nothing in such a case with a determined value exceeding $200,000.[3] See Miss.Code Ann. § 9-9-21. Therefore, I would find the county courts have jurisdiction over child-custody matters, notwithstanding the $200,000 limit. See id.
¶ 30. Further, in part because the dollar value of custody eludes easy calculation, I would find that the jurisdictional dollar-amount limitation in Section 9-9-21 is inapplicable in custody matters. See Barry v. Mercein, 46 U.S. (5 How.) 103, 118, 12 L.Ed. 70 (1847). Determinations of child custody are squarely within the county court’s equitable power and need not involve a monetary determination of the value of custody. Miss.Code Ann. § 9-9-21 (Rev. 2014); Germany v. Germany, 123 So.3d 423, 428 (Miss.2013) (determining whether a claim is at law or in equity, “one must look at ... the nature of the controversy and the relief sought.”); see also Wade v. Lee, 471 So.2d 1213 (Miss.1985).
¶ 31. In Wade, for example, we recognized a county court’s jurisdiction to enter temporary child-custody modifications in habeas corpus proceedings. Id. at 1217. The opinion in Wade contained no discussion of the amount in controversy, which does not seem to have been raised in that case. In Wade, the county court’s jurisdiction derived from Mississippi Code Section 9-9-23, which grants county-court judges authority to hear habeas corpus matters. Id. This Court has long held that this authority includes questions of child custody. Id. It is therefore a logical conclusion that it has been the long-held view of the state Legislature and this Court that county courts have jurisdiction over child-custody matters, irrespective of the $200,000 limit in Section 9-9-21. See id.; Miss. Code Ann. § 93-9-15 (Rev. 2013).
*1139 ¶ 32. Furthermore, this Court previously has held that Section 159 of the Mississippi Constitution does not bestow exclusive jurisdiction over all matters in equity to the chancery court; rather the state Constitution grants the chancery court full jurisdiction. Germany, 123 So.3d at 427. Therefore, Section 9-9-21 is not in conflict with the Mississippi Constitution.
¶ 33. In sum, based on the language in Sections 93-9-15, 9-9-21, and 9-9-23, and the holdings in the cases cited above, I would find that our able and competent county courts have jurisdiction over child-custody matters arising from paternity actions, and the $200,000 jurisdictional limit is inapplicable. See Miss.Code Ann. §§ 9-9-21-23 (Rev. 2014); Barry, 46 U.S. at 118; Wade, 471 So.2d at 1217.
Senate Bill 2010
¶ 34. I do agree with the majority that Senate Bill 2010 does not apply retroactively. See Mladinich v. Kohn, 186 So.2d 481, 483 (Miss.1966) (finding that statutes apply retroactively only when the language of the statute specifically indicates such intent). I would therefore find that any discussion of that bill in the instant case is moot.
Conclusion
¶ 35. For the reasons provided above, I would affirm all of the Lauderdale County Court orders and judgments regarding child custody in the current case and remand for further proceedings. Therefore, I respectfully concur in part and dissent in part.
KING, J., JOINS THIS OPINION. DICKINSON, P.J., AND COLEMAN, J., JOIN THIS OPINION IN PART.

. I disagree that the value of child custody is incalculable, but I do acknowledge that it is not something easily calculated by courts. See Margaret F. Brining & Michael V. Alexeev, Trading at Divorce: Preferences, Legal Rules and Transaction Costs, 8 Ohio St. J. On Disp. Resol. 279 (1993); Ritchie v. Mauro, 27 U.S. (2 Pet.) 243, 244, 7 L.Ed. 411 (1829); Barry v. Mercein, 46 U.S. (5 How.) 103, 118, 12 L.Ed. 70 (1847). Furthermore, to hold that child custody defies calculation, in my opinion, would ignore significant advances in the field of economics since the times of Chief Justice John Marshall. See e.g. Gary S. Becker, A Treatise on the Family (Harvard University Press ed. 1993); Richard A. Posner, Economic Analysis of Law (8th ed. 2011). A reasonable calculation would involve numerous factors including the cost of raising the child, the value the parent places on custody (measured perhaps by the amount parties are willing to spend on litigating child custody, among other things), the negative impact on earnings on a custodial parent and the associated opportunity costs (e.g., working fewer hours in order to raise the child and the subsequent reduction in potential earnings and investment returns), the potential amount of child support, the monetary value of any services the child provides the parent, any income the child earned, just to name a few. See Mark Lino, Expenditures on Children by Families, 2013, U.S. Department of Agriculture, Center for Nutrition Policy and Promotion. Miscellaneous Publication No. 1528-2013, available at http://www.cnpp. usda.gov/sites/default/files/expenditures_on_ children_by_families/crc2013.pdf (last visited Dec. 2, 2014) (estimating the cost of raising a child born in 2013 to be $245,000, excluding college expenses).